Corina Tolamaa, Oliver Complot
PO BOX 1704
Buckeye Arizona, 85326
702-325-5314
ComplotCourt@gmail.com

| | FILED | LODGED |
|---|---|---|
| | RECEIVED | COPY |

FEB 2 0 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

OLIVER COMPLOT; CORINA TOLAMAA

        Plaintiffs

vs.

CITIBANK, N.A.; US BANK, N.A.;CREDIT CONTROL, LLC; THE MOORE LAW GROUP, A PROFESSIONAL CORPORATION; LVNV FUNDING LLC; DEFENDANTS

Case No.: 2 ; 2025cv 00255

FIRST AMENDED CLAIM FOR FCRA AND FDCPA VIOLATIONS AND OTHER STATE CLAIMS. 2/20/2025

Plaintiffs Corina Tolamaa, and Oliver Complot, hereby submits this Complaint against Citibank, N.A (CITI) and US BANK (USB) for willful violations of the FCRA and additional claims. And joins this complaint against CREDIT CONTROL, LLC , THE MOORE LAW GROUP, LVNV, and RESURGENT CAPITAL for violations of the FDCPA and state laws.

**JURISDICTION AND VENUE**

The jurisdiction of this court for the Cause of Actions are invoked pursuant to the FCRA and FDCPA. This court also has supplemental jurisdiction over the state law claims. Venue is proper because a substantial portion of the events and omissions giving rise to this supplemental complaint occurred within the county of Maricopa and the case exceeds $75,000.

**PARTIES**

PAGE 1 OF 72

Plaintiffs are natural persons who reside in Arizona within the confines of Maricopa County. Plaintiff Corina Tolamaa and Oliver Complot are "consumers" as that term is defined in 15 U.S.C. § 1681a(c) and FDCPA. Plaintiff Oliver Complot is a consumer under FDCPA and husband to Corina Tolamaa, and Co-applicant for FCRA purposes.'

Defendant CITI (Para 1-72) is a furnisher as the term is defined in the FCRA and does business in this state. CITI's principal place of business is 399 Park Ave., New York, NY 10043 and can be reached for service by and through **CT Corporation System, 160 Mine Lake Ct Ste 200, Raleigh, NC 27615**

Defendant U.S. BANK NATIONAL ASSOCIATION, (USB) (Para 78-139) is a furnisher as the term is defined in the FCRA and does business in this state. USB can be reached for service at CT CORPORATION SYSTEM, 4400 EASTON COMMONS WAY, SUITE 125, COLUMBUS OH 43219.

Defendant CREDIT CONTROLL LLC (Para 27-31, 43-77, 97-144) is a debt collector as defined in the FDCPA and does business in this state. Registered agent: SAFFER, RICHARD A.

3300 Rider Trl S

SUITE 500

Earth City, MO 63045-1311

Defendant THE MOORE LAW GROUP (Para 32-36, 43-77) is a debt collector as defined in the FDCPA and does business in this state. Registered agent: HARVEY MICHAEL MOORE

3710 S. SUSAN ST., SUITE 210

SANTA ANA, CA 92704-6956

Defendant LVNV FUNDING LLC (Para 97-144) is a debt collector as defined in the FDCPA and does business in this state. Registered agent: CORPORATION SERVICE COMPANY

508 Meeting Street

West Columbia, South Carolina 29169

Defendant RESURGENT CAPITAL is a debt collector as defined in the FDCPA and does business in this state. On information and belief Resurgent acts by and through LVNV.

PAGE 2 OF 72

**FCRA FACTUAL BACKGROUND CORINA TOLAMAA – CITI ACCOUNT**

1. The above are re-alleged as though fully set forth herein

2. Plaintiffs began the dispute process with the Three CRA's who in turn notified Citi to investigate inaccurate, misleading, and incomplete information for Corina Tolamaa's account. The dispute process began on or around Feb 6, 2023, Report Number 3198-6245-93 with Experian and in this report, Citi certified to Experian the information was accurate and did not change anything from the previous reporting. This report in fact had inaccurate information. Around Dec 26, 2023, Report Number 3314-7813-77 another dispute with Experian which continued the incomplete reporting. Around Jan 16, 2024, Report Number 3189-8544-13 is another dispute with Experian and the first Equifax dispute Confirmation number: 4027563300. Both disputes continued the unreasonable investigation and reporting, and it appears Citi did not update the Experian report as "Disputed" for the January 16, 2024, dispute. The January 16, 2024, Experian report shows another account marked as disputed but not the CITI account. Around Feb 3, 2024, there was another dispute with Experian, Report Number 1715-3855-71.

3. Around June 21, 2024, a final fifth dispute with Experian, Report Number: 3644-8200-81, around June 15, 2024, a second dispute with Equifax Confirmation number: 4169512241, and the first and only Transunion dispute took place.

4. Citi and the three CRA'S performed unreasonable investigations which were verified. Citi verified the inaccurate and incomplete information being reported in such a way to negatively affect plaintiff's report with patently incorrect and or misleading and incomplete information. Citi verified the second report to Equifax. Citi then reported misleading information again to all three CRA's with the last and most recent investigation in June 2024.

5. CITI did not conduct a reasonable investigation at any time and did willfully and maliciously and fraudulently report inaccurate and incomplete information it knew was false with the intent of harming and humiliating and confusing plaintiffs. Around October 8, 2023, Citi was granted an arbitration award against Plaintiff Corina. Around May 2024 and June 2024, the plaintiffs executed an accord and satisfaction with CITI which discharged the award and all liability. The February 2023 investigations might be barred unless the court construes the accord and satisfaction as a release because the accord terms stated all liability from the arbitration award were waived/cancelled. Otherwise, the subsequent investigations after October 2023 are not barred because claim

PAGE 3 OF 72

preclusion does not bar claims that did not exist after a judgement. Moreover, the arbitration cause of action was "Invasion of Privacy" and NOT claims under the FCRA. Regardless, under the FCRA new inaccuracies and failing to correct old inaccuracies are new causes of action.

"In our circuit, res judicata does not apply to claims based on events occurring after the initial lawsuit. Los Angeles Brunch NAACP v. Los Angeles Unified Sch. Dist., 750 F.2d 731, 739 (9th Cir. 1984)."

"If the harm arose from different facts at a different time, however, then the plaintiff could not have brought the claim in the first action." *Howard v. City of Coos Bay, an Or. Mun. Corp.*, 871 F.3d 1032, 1039 (9th Cir. 2017)"

"Res judicata does not preclude additional litigation if some new wrong occurs. Northern California River Watch v. Humboldt Petroleum, Inc. 162 F. App'x 760 (9th Cir. 2006)"

"Nelson v. Equifax Info. Servs. LLC, 522 F. Supp. 2d 1222, 1239 (C.D. Cal. 2007) (stating that FCRA is distinct cause of action from the Fair Debt Collection Practices Act). Gonzales v. Bank of America, No. CIV S-10-2143 KJM-EFB (E.D. Cal. Dec. 21, 2011)"

"A furnisher may also be held liable if it conducts a reasonable investigation but subsequently declines to "rectify past misreporting and prevent future misreporting of information." *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1108 (9th Cir. 2012)."

## FACTUAL BACKGROUND - THE EXPERIAN REPORT CITI BANK – CORINA

6. The above paragraphs are re alleged as fully set forth herein

7. CRA notified the furnisher. The initial investigation which was completed in February 2023, CITI **certified** the information is complete with inaccuracies. FEB 2023 RESULTS:

A. Purports the first 30-day late as SEP 2022 in the Payment History section, yet the balance history section purports no payment from before SEP 2022. This is a direct contradiction to the purported true information. 1 item.

"As one court has described it, information furnished by a furnisher is materially misleading when it "is open to an interpretation that is directly contradictory to the true

PAGE 4 OF **72**

information" Private National Mortgage Acceptance Co., LLC, 512 F.Supp.3d at 426 (emphasis added)" Sanchez v. JPMorgan Chase Bank, 643 F. Supp. 3d 1025, 1038 (D. Ariz. 2022)

B.  Purports August 2022 is paid in the payment history section, yet the balance history section purports no payment since 06/22/2022. 1 item.

C.  Purports "$0 paid" from 01/22/2021 to 06/22/2022 in the balance histories. Each of these items is a direct contradiction to the check marks reported from 01/2021 to 06/2022 in the Payment History section. This makes 18 contradictory inaccuracies.

D.  The Feb 6, 2023, report fails to include a date of first delinquency and or a date when the alleged account will be removed within 90 days according to the DOFD. 1 item.

"Under the FCRA, Reporting Agencies are required to report delinquencies to CRAs within 90 days of an "account" becoming delinquent. Cunningham v. Ocwen Fin. Cv. No. 3:12-cv-0440 (M.D. Tenn. Dec. 10, 2013)"

"According to Experian, "that the 'account is scheduled to continue on record until Jul 2023' would make it apparent to a party viewing this account that National Credit Adjusters reported to Experian a date of first delinquency for Plaintiff's Speedy Cash debt a maximum of seven years prior to July 2023." Doc. 35 at PAGEID 199. Bowles v. TransUnion, LLC, 2:23-cv-717 (S.D. Ohio Jun. 27, 2024)"

E.  The Feb 6, 2023, report further fails to show that it was updated according to an investigation. The February 2023 report shows the last status update as December 2022 and a balance update of January 2023. Perhaps no investigation was done at all during this time in February 2023, yet Citi certified the information. 1 item.

F.  It reports closed DEC 2022 with scheduled on going payment $988/$859 and a balance. 1 item.

G.  Because the purported last payment is JUNE 2022, the JULY 2022 check mark is inaccurate because the first 30-day late should purportedly be in JULY 2022. The same

PAGE 5 OF 72

analysis makes JULY 2022 to JAN 2023 inaccurate. JULY and AUG cannot be a checkmark if the last payment according to the history is JUNE 2022. SEP 2022 cannot be the first 30-day late. OCT 2022 cannot be 60-days late. NOV 2022 cannot be 90-days late. DEC 2022 cannot be 120-days late. JAN 2023 cannot be 150-days late. 7 items.

H.  The payment history guide is inaccurate for the reasons discussed above.

I.  The report is for FEB 2023, yet the status update is DEC 2022 and balance update is JAN 2023. This demonstrates an unreasonable investigation or no investigation at all yet the report was CERTIFIED accurate.

Prepared For

**experian.**

**CORINA PAOLA TOLAMAA**

**Personal & Confidential**

Date Generated  Feb 6, 2023

Report Number  3198-6245-93

## About Dispute Results

Our reinvestigation of the dispute you recently submitted is now complete. If we were able to make changes to your credit report based on information you provided, we have done so. Otherwise we have contacted the company reporting the information you disputed, supplied them all relevant information and any documents you gave us with your dispute, and instructed them to: review all information we provide them about your dispute; verify the accuracy of the information; provide us a response to your dispute; and update their records and systems as necessary.

If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the requested status at the time of our reinvestigation.

## Here are your results

### CITI

Account · 410039XXXXXXXXXX

The company that reported the information has certified to Experian that the information is accurate. This item was not changed as a result of our processing of your dispute. Please review your report for the details.

Remains

### TRUIST BANK

Account · LS9824XXXX

The information you disputed has been verified as accurate; however, information unrelated to your dispute has been updated. Please review your report for the details.

Verified and Updated

### BARCLAYS BANK/OLD NAVY

Account · 000428XXXXXXXXX



Verified and Updated

PAGE 7 OF 72



Address                    PO BOX 31293,
                           SALT LAKE CITY UT 84131

Phone Number               (800) 955-7070

**Comment**

**Current:**

Account closed at credit grantor's request.

**Previous:**

None

## ● CITI

**POTENTIALLY NEGATIVE**

### Account Info

| | | | |
|---|---|---|---|
| Account Name | CITI | Balance | $5,564 |
| Account Number | 410039XXXXXXXXXX | Balance Updated | 01/18/2023 |
| Account Type | Credit Card | Recent Payment | $0 |
| Responsibility | Individual | Monthly Payment | $988 |
| Date Opened | 02/11/2019 | Credit Limit | $4,760 |
| Status | Closed. $786 past due as of Jan 2023. | Highest Balance | $6,050 |
| | | Terms | - |
| Status Updated | Dec 2022 | | |

### Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | 150 | – | – | – | – | – | – | – | – | – | – | – |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | 60 | 90 | 120 |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | – | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

| | | | | |
|---|---|---|---|---|
| ✓ | Current / Terms met | 30 | Past due 30 days | |
| 60 | Past due 60 days | 90 | Past due 90 days | |
| 120 | Past due 120 days | 150 | Past due 150 days | |

**Payment history guide**

PAGE 8 OF 72

150 days past due as of Jan 2023

120 days past due as of Dec 2022

90 days past due as of Nov 2022

60 days past due as of Oct 2022

30 days past due as of Sep 2022

### Balance Histories

| Date | Balance | Scheduled Payment | Paid |
|------|---------|-------------------|------|
| Dec 2022 | $5,435 | $859 | $0 on 6/22/2022 |
| Nov 2022 | $5,305 | $718 | $0 on 6/22/2022 |
| Oct 2022 | $5,185 | $594 | $0 on 6/22/2022 |
| Sep 2022 | $5,068 | $478 | $0 on 6/22/2022 |
| Aug 2022 | $4,950 | $347 | $0 on 6/22/2022 |
| Jul 2022 | $4,842 | $199 | $0 on 6/22/2022 |
| Jun 2022 | $4,631 | $138 | $0 on 5/13/2022 |
| May 2022 | $3,709 | $79 | $0 on 5/13/2022 |
| Apr 2022 | $2,663 | $70 | $0 on 4/15/2022 |
| Mar 2022 | $2,919 | $65 | $0 on 3/15/2022 |
| Feb 2022 | $2,922 | $63 | $0 on 2/15/2022 |
| Jan 2022 | $2,613 | $62 | $0 on 1/14/2022 |
| Dec 2021 | $6,050 | $157 | $0 on 11/15/2021 |
| Nov 2021 | $3,402 | $51 | $0 on 11/15/2021 |
| Oct 2021 | $449 | $35 | $0 on 10/15/2021 |
| Sep 2021 | $295 | $35 | $0 on 9/8/2021 |
| Aug 2021 | $274 | $35 | $0 on 8/9/2021 |
| Jul 2021 | $27 | $27 | $0 on 7/19/2021 |
| Jun 2021 | $206 | $35 | $0 on 6/14/2021 |
| May 2021 | $230 | $35 | $0 on 5/11/2021 |



| Date | Balance | Scheduled Payment | Paid |
|---|---|---|---|
| Apr 2021 | $296 | $35 | $0 on 4/3/2021 |
| Mar 2021 | $175 | $35 | $0 on 3/13/2021 |
| Feb 2021 | $637 | $35 | $0 on 1/22/2021 |

**Additional info**

Between Jul 2022 and Dec 2022, your credit limit/high balance was $4,760

Between Jan 2022 and Jun 2022, your credit limit/high balance was $6,210

Between Feb 2021 and Dec 2021, your credit limit/high balance was $8,500

**Contact Info**

| | |
|---|---|
| Address | PO BOX 6190, SIOUX FALLS SD 57117 |
| Phone Number | (855) 378-6467 |

**Comment**

**Current:**

Account closed at credit grantor's request.

**Previous:**

Account closed at credit grantor's request.

Dec 2022

**Reinvestigation Info**

This item remained unchanged from our processing of your dispute in Feb 2023.

## COMENITY BANK/EXPRESS

**Account Info**

| | | | |
|---|---|---|---|
| Account Name | COMENITY BANK/EXPRESS | Balance | - |
| Account Number | 46108XXXX | Balance Updated | - |
| Account Type | Charge Card | Recent Payment | - |
| Responsibility | Individual | Monthly Payment | $0 |

8. The second Experian report in December 2023 updated and contains the same errors from para 7 and is incorporated:

A. In addition to paragraph 7, this DEC 2023 report includes a DOFD/ removal date of MAY 2029. This is inaccurate because the first 30-day late is purported to be JULY 2022 **EXHIBIT 29.** This would make the removal JULY 2029, seven years after, as evidenced by **EXHIBIT 7-10.** Therefore, the removal date of MAY 2029 is a direct contradiction to the purported true information— a 7 year delinquency timeframe. 1 item.

"According to Experian, "that the 'account is scheduled to continue on record until Jul 2023' would make it apparent to a party viewing this account that National Credit Adjusters reported to Experian a date of first delinquency for Plaintiff's Speedy Cash debt a maximum of seven years prior to July 2023." Doc. 35 at PAGEID 199. Bowles v. TransUnion, LLC, 2:23-cv-717 (S.D. Ohio Jun. 27, 2024)"

B. The DEC 2023 report shows a status update in FEB 2023. This demonstrates an unreasonable investigation or no investigation at all. 1 item

C. The account purports to be charged-off, however, a charge-off amount is omitted. Furthermore, the amount passed due is purported to be $2,068 while the balance purports to be $5,655. These are all direct contradictions to the purported true information because a charge-off would close the account to further charges and if the passed due is $2,068 then the balance must be the same $2,068. Therefore, one of these is inaccurate making all three inaccurate because they rely upon one another. 3 items.

D. The account is closed in DEC 2022, yet the balance increases in FEB 2023, and JAN 2023 information is omitted. A closed account would prevent any more charges.

PAGE **11** OF **72**

**:experian.**

Prepared For

**CORINA TOLAMAA**

**Personal & Confidential**

Date Generated  Dec 26, 2023

Report Number  3314-7813-77

## About Dispute Results

Our reinvestigation of the dispute you recently submitted is now complete. If we were able to make changes to your credit report based on information you provided, we have done so. Otherwise we have contacted the company reporting the information you disputed, supplied them all relevant information and any documents you gave us with your dispute, and instructed them to: review all information we provide them about your dispute; verify the accuracy of the information; provide us a response to your dispute; and update their records and systems as necessary.

If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the requested status at the time of our reinvestigation.

## Here are your results

### AFFIRM INC

Account · 5QZZXXXX

The company that reported the information has certified to Experian that the information is accurate. This item was not changed as a result of our processing of your dispute. Please review your report for the details.



Remains

### US DEPT OF ED/GLELSI

Account · 272111XXXXXXXXXXX

The company that reported the information has certified to Experian that the information is accurate. This item was not changed as a result of our processing of your dispute. Please review your report for the details.

Remains

### CITI

Account · 410039XXXXXXXXXXX



Updated

PAGE **12** OF **72**

Information on this item has been updated. Please review your report for the details.

You can contact CITI at PO BOX 6190, SIOUX FALLS , SD 57117 or (855) 378-6467



## After your dispute

### Account Info

| | | | |
|---|---|---|---|
| Account Name | CITI | Balance | $5,655 |
| Account Number | 410039XXXXXXXXXX | Balance Updated | 12/19/2023 |
| Account Type | Credit Card | Recent Payment | - |
| Responsibility | Individual | Monthly Payment | - |
| Date Opened | 02/11/2019 | Original Balance | $4,760 |
| Status | Account charged off. $2,068 past due as of Dec 2023. | Highest Balance | $6,050 |
| | | Terms | - |
| Status Updated | 02/2023 | On Record Until | May 2029 |

### Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | 150 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | 60 | 90 | 120 |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | — | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

✓ Current / Terms met    30 Past due 30 days
60 Past due 60 days    90 Past due 90 days
120 Past due 120 days    150 Past due 150 days
CO Charge off

**Payment history guide**

Charge Off as of Feb 2023 to Dec 2023

150 days past due as of Jan 2023, Jan 2023

120 days past due as of Dec 2022

90 days past due as of Nov 2022

60 days past due as of Oct 2022

30 days past due as of Sep 2022

This account is scheduled to continue on record until May 2029.

### Balance Histories

| Date | Balance | Scheduled Payment | Paid |
|---|---|---|---|
| Oct 2023 | $5,655 | $0 | $0 on 6/22/2022 |
| Sep 2023 | $5,655 | $0 | $0 on 6/22/2022 |
| Aug 2023 | $5,655 | $0 | $0 on 6/22/2022 |
| Jul 2023 | $5,655 | $0 | $0 on 6/22/2022 |
| Jun 2023 | $5,655 | $0 | $0 on 6/22/2022 |
| May 2023 | $5,655 | $0 | $0 on 6/22/2022 |
| Mar 2023 | $5,655 | $0 | $0 on 6/22/2022 |
| Feb 2023 | $5,655 | $0 | $0 on 6/22/2022 |
| Dec 2022 | $5,435 | $859 | $0 on 6/22/2022 |
| Nov 2022 | $5,305 | $718 | $0 on 6/22/2022 |
| Oct 2022 | $5,185 | $594 | $0 on 6/22/2022 |
| Sep 2022 | $5,068 | $478 | $0 on 6/22/2022 |
| Aug 2022 | $4,950 | $347 | $0 on 6/22/2022 |
| Jul 2022 | $4,842 | $199 | $0 on 6/22/2022 |
| Jun 2022 | $4,631 | $138 | $0 on 5/13/2022 |
| May 2022 | $3,709 | $79 | $0 on 5/13/2022 |
| Apr 2022 | $2,663 | $70 | $0 on 4/15/2022 |
| Mar 2022 | $2,919 | $65 | $0 on 3/15/2022 |
| Feb 2022 | $2,922 | $63 | $0 on 2/15/2022 |
| Jan 2022 | $2,613 | $62 | $0 on 1/14/2022 |
| Dec 2021 | $6,050 | $157 | $0 on 11/15/2021 |

**Additional info**

Between Jul 2022 and Oct 2023, your credit limit/high balance was $4,760

Between Jan 2022 and Jun 2022, your credit limit/high balance was $6,210

Between Dec 2021 and Dec 2021, your credit limit/high balance was $8,500

 **Contact Info**

| Address | PO BOX 6190,<br>SIOUX FALLS SD 57117 |
|---|---|

 **Comment**

**Current:**

Completed investigation of FCRA dispute - consumer disagrees.

Account closed at credit grantor's request.

**Previous:**

Completed investigation of FCRA dispute - consumer disagrees.

May 2023 to Oct 2023, Feb 2023 to Mar 2023

 **Reinvestigation Info**

This item was updated from our processing of your dispute in Dec 2023.

 **Before your dispute**

 **Account Info**

| Account Name | CITI | Balance | $5,655 |
|---|---|---|---|
| Account Number | 410039XXXXXXXXXX | Balance Updated | 11/17/2023 |
| Account Type | Credit Card | Recent Payment | - |
| Responsibility | Individual | Monthly Payment | - |
| Date Opened | 02/11/2019 | Original Balance | $4,760 |
| Status | Account charged off. $1,983 past due as of Nov 2023. | Highest Balance | $6,050 |
| | | Terms | - |
| Status Updated | 02/2023 | On Record Until | May 2029 |

 **Payment History**

**9. JAN 2024 RESULTS**

The plaintiffs submitted a dispute to Experian by mail **(EXHIBIT )** and Experian notified the furnisher. The results are the same as the FEB 2023 results and DEC 2023 results. Paragraphs 7 and 8 are re-incorporated.

**10. FEB 2024 RESULTS**

The plaintiffs submitted a dispute to Experian, and Experian notified the furnisher. The results are the same as the FEB 2023, DEC 2023, and JAN 2024 results. Paragraphs 7, 8, and 9 are re-incorporated.

A.  The amount passed due increases again despite the account being charged-off.

B.  The FEB 2024 results show a status updated in "02/2023" and balance updated "01/24/2024" despite purporting to be FEB 2024 investigation results.

**11. JULY 2024 RESULTS**

The plaintiffs submitted a dispute to Experian by mail **(EXHIBIT )** and Experian notified the furnisher. The results are the same as the FEB 2023, DEC 2023, JAN 2024, and FEB 2024 results. Paragraphs 7, 8, 9, 10 are re-incorporated.

A.  The MAY 2024 balance histories fail to report the payment made in May 2024 and instead reports "0 on 5/8/2024." The MAY 2024 balance appears to decrease therefore, reporting "0 on 5/8/2024" is an obvious inaccuracy that should have been caught by Experian's proprietary systems. 1 item.

B.  The "recent payment" section under "Account Info" is blank and fails to report the MAY 2024 payment. Therefore, it's inaccurate and contradictory to the other items of information that show payment and non-payment. 1 item.

C.  The "recent payment" section under "Account Info" is blank, The balance history section omits JUNE, and fails to report the JUNE 2024 payment. Therefore, it's inaccurate and

PAGE **16** OF **72**

contradictory to the other items of information that show payment and non-payment. 1 item.

D. The purported passed due **increases** again, 2235 from 2153, despite the payments in MAY and JUNE and despite the charge-off. 1 item.

E. The status and balance fail to reflect the accord and satisfaction of the account.

**EXHIBIT 36-37.** Elements of Accord and Satisfaction under South Dakota law:

o        SD Codified Laws § 20-7-4: " Part performance of an obligation, either before or after a breach thereof, when expressly accepted by the creditor in writing in satisfaction, or rendered in pursuance of an agreement in writing for that purpose, though without any new consideration, extinguishes the obligation."

o        SD Codified Laws § 57A-1-308(b): Explicitly states reservation of rights does not apply to accord and satisfaction

"Thus, if Plaintiffs have plausibly alleged accord and satisfaction under Washington contract law, they have also adequately pled the "inaccuracy" element of their FCRA claim." *Schilling v. JPMorgan Chase & Co.*, Case No. C17-0060RSM, 6-7 (W.D. Wash. Apr. 25, 2017)

7/6/24, 4:55 PM                                           Experian



                                                                        Prepared For

                                                           **CORINA PAOLA TOLAMAA**

                                                           **Personal & Confidential**

                                                           Date Generated  Jul 2, 2024
                                                           Report Number  3644-8200-81

## About Dispute Results

Our reinvestigation of the dispute you recently submitted is now complete. If we were able to make changes to your credit report based on information you provided, we have done so. Otherwise we have contacted the company reporting the information you disputed, supplied them all relevant information and any documents you gave us with your dispute, and instructed them to: review all information we provide them about your dispute; verify the accuracy of the information; provide us a response to your dispute; and update their records and systems as necessary.

If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the requested status at the time of our reinvestigation.

## Here are your results

**AFFIRM INC**

Account • 5QZZXXXX                                              **Remains**

The company that reported the information has certified to Experian that the information is accurate. This item was not changed as a result of our processing of your dispute. Please review your report for the details.

**CITI**

Account • 410039XXXXXXXXXX                          **Updated**

Information on this item has been updated. Please review your report for the details.

You can contact CITI at PO BOX 6190, SIOUX FALLS , SD 57117 or (855) 378-6467

  **After your dispute**

    **Account Info**

    Account Name       **CITI**              Balance             $5,315

    Account Number    410039XXXXXXXXXX    Balance Updated    06/27/2024



https://usa.experian.com/mfe/regulatory/dispute-center/printable-cdf/RTE0000224210003300000091680703202401300900002570    1/74



7/6/24, 4:55 PM

Experian

| | |
|---|---|
| Account Type | **Credit Card** |
| Responsibility | **Individual** |
| Date Opened | **02/11/2019** |
| Status | **Account charged off. $2,23 past due as of Jun 2024.** |
| Status Updated | **02/2023** |

| | |
|---|---|
| Recent Payment | - |
| Monthly Payment | - |
| Original Balance | $4,760 |
| Highest Balance | $6,050 |
| Terms | - |
| On Record Until | **May 2029** |

**$ Payment History**

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2024 | CO | CO | CO | CO | CO | CO | — | — | — | — | — | — |
| 2023 | 150 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | 60 | 90 | 120 |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | — | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

| | | | |
|---|---|---|---|
| ✓ | Current / Terms met | 30 | Past due 30 days |
| 60 | Past due 60 days | 90 | Past due 90 days |
| 120 | Past due 120 days | 150 | Past due 150 days |
| CO | Charge off | | |

**Payment history guide**

Charge Off as of Jun 2024, May 2024, Apr 2024, Mar 2024, Feb 2024, Jan 2024, Dec 2023, Nov 2023, Oct 2023, Sep 2023, Aug 2023, Jul 2023, Jun 2023, May 2023, Apr 2023, Mar 2023, Feb 2023

150 days past due as of Jan 2023

120 days past due as of Dec 2022

90 days past due as of Nov 2022

60 days past due as of Oct 2022

30 days past due as of Sep 2022

This account is scheduled to continue on record until May 2029.

**⊟ Balance Histories**

| Date | Balance | Scheduled Payment | Paid |
|---|---|---|---|
| **May 2024** | **$5,455** | **$0** | **$0 on 5/8/2024** |
| **Apr 2024** | **$5,655** | **$0** | **$0 on 6/22/2022** |
| **Mar 2024** | **$5,655** | **$0** | **$0 on 6/22/2022** |

PAGE **19** OF **72**

7/6/24, 4:55 PM

Experian

| Date | Balance | Scheduled Payment | Paid |
|------|---------|-------------------|------|
| Feb 2024 | $5,655 | $0 | $0 on 6/22/2022 |
| Jan 2024 | $5,655 | $0 | $0 on 6/22/2022 |
| Dec 2023 | $5,655 | $0 | $0 on 6/22/2022 |
| Oct 2023 | $5,655 | $0 | $0 on 6/22/2022 |
| Sep 2023 | $5,655 | $0 | $0 on 6/22/2022 |
| Aug 2023 | $5,655 | $0 | $0 on 6/22/2022 |
| Jul 2023 | $5,655 | $0 | $0 on 6/22/2022 |
| Jun 2023 | $5,655 | $0 | $0 on 6/22/2022 |
| May 2023 | $5,655 | $0 | $0 on 6/22/2022 |
| Mar 2023 | $5,655 | $0 | $0 on 6/22/2022 |
| Feb 2023 | $5,655 | $0 | $0 on 6/22/2022 |
| Dec 2022 | $5,435 | $859 | $0 on 6/22/2022 |
| Nov 2022 | $5,305 | $718 | $0 on 6/22/2022 |
| Oct 2022 | $5,185 | $594 | $0 on 6/22/2022 |
| Sep 2022 | $5,068 | $478 | $0 on 6/22/2022 |
| Aug 2022 | $4,950 | $347 | $0 on 6/22/2022 |
| Jul 2022 | $4,842 | $199 | $0 on 6/22/2022 |

**Additional info**

Between Jul 2022 and May 2024, your credit limit/high balance was $4,760

✉ **Contact Info**

Address                    PO BOX 6190,
                           SIOUX FALLS SD 57117

📄 **Comment**

**Current:**

Completed investigation of FCRA dispute - consumer disagrees.

Account closed at credit grantor's request.

https://usa.experian.com/mfe/regulatory/dispute-center/printable-cdf/RTE000002242100033000000091680703202401300900025700                3/74

PAGE **20** OF **72**

7/6/24, 4:55 PM                                                                 Experian

**Previous:**

**Completed investigation of FCRA dispute - consumer disagrees.**

Jan 2024 to May 2024

---

**Reinvestigation Info**

This item was updated from our processing of your dispute in Jun 2024.

---

**← Before your dispute**

**Account Info**

| | | | |
|---|---|---|---|
| Account Name | CITI | Balance | $5,315 |
| Account Number | 410039XXXXXXXXXX | Balance Updated | 06/24/2024 |
| Account Type | Credit Card | Recent Payment | - |
| Responsibility | Individual | Monthly Payment | - |
| Date Opened | 02/11/2019 | Original Balance | $4,760 |
| Status | Account charged off. $2,235 past due as of Jun 2024. | Highest Balance | $6,050 |
| | | Terms | - |
| Status Updated | 02/2023 | On Record Until | May 2029 |

**Payment History**

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2024 | CO | CO | CO | CO | CO | CO | — | — | — | — | — | — |
| 2023 | 150 | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| 2022 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | 60 | 90 | 120 |
| 2021 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2020 | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 2019 | — | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |

| | | | |
|---|---|---|---|
| ✓ | Current / Terms met | 30 | Past due 30 days |
| 60 | Past due 60 days | 90 | Past due 90 days |
| 120 | Past due 120 days | 150 | Past due 150 days |
| CO | Charge off | | |

**Payment history guide**

Charge Off as of Jun 2024, May 2024, Apr 2024, Mar 2024, Feb 2024, Jan 2024, Dec 2023, Nov 2023, Oct 2023, Sep 2023, Aug 2023, Jul 2023, Jun 2023, May 2023, Apr 2023, Mar 2023, Feb 2023

https://usa.experian.com/mfe/regulatory/dispute-center/printable-cdf/RTE0000224210003300000091680703202401300900025700                    4/74

12. CITI violated § 1681s–2. Responsibilities of furnishers of information to consumer reporting agencies, (A)Reporting information with actual knowledge of errors, (2)Duty to correct and update information, (4)Duty to provide notice of closed accounts, (5)Duty to provide notice of delinquency of accounts (which shall be the **month** and **year** of the **commencement** of the delinquency on the account), (b)Duties of furnishers of information upon notice of dispute. , failed to delete the unverifiable and inaccurate account, And an unreasonable, malicious investigation.

13. Therefore, Plaintiff is damaged as alleged above and demands judgment for damages against defendant CITI for negligent and willful statutory, and or the higher of actual, punitive, special, consequential, compensatory, damages in an amount determined at trial, or by the court.

## FACTUAL BACKGROUND - THE EQUIFAX REPORT CORINA

14. The above paragraphs are re alleged as fully set forth herein

15. The CRA notified the furnisher. The first Equifax investigation began Jan 21, 2024, and results completed on February 3, 2024. The second investigation was as alleged above beginning around June 2024.

16. **FEB 2024 RESULTS**

The plaintiffs submitted a dispute to Equifax and Equifax notified the furnisher **EXHIBIT 28.**

A. "Verified the account belongs to you" which was not part of the dispute.

B. The status of the report indicates "charged off," yet the reported balance ($5,655), amount past due ($2,153), and charge-off amount ($0) directly contradict one another. These contradictions render the report inaccurate, incomplete, and misleading for the following reasons: 1) A "charged off" status signifies the creditor has written off the account as a loss. The charge-off amount must reflect the total balance owed at the time of the charge-

PAGE **22** OF **72**

off. Reporting a charge-off amount of $0 while showing a balance of $5,655 is a direct contradiction. 2) The **amount past due ($2,153)** cannot exceed the charge-off amount. A charge-off "freezes" the account's delinquency, meaning there should be no past-due amount if the charge-off amount is $0. 3) The **balance ($5,655)** cannot be greater than the charge-off amount. The balance should not increase after the charge-off unless explicitly allowed under the original agreement (e.g., post-charge-off interest or fees). No such justification is provided in the report. 3 items.

C.  The date of last payment (06/2022), Actual payment amount (blank), and DOFD (08/2022) all contradict one another. If the date of last payment is 06/2022 then the DOFD (first 30-day late) is 07/2022. Further, the DOFD contradicts the status code "1" "09/2022". 3 items

D.  Each date of last payment shown as 06/2022 is a direct contradiction to the DOFD (08/2022) and status code information ("1" "09/2022"). Further, the date of last payment shows no payment amounts in the report. 20 items.

E.  Because the DOFD (08/2022) contradicts the status code information ("1" "09/2022"), each item in the status code up to at least the second charge-off status is inaccurate. The first 30-day late cannot be 09/2022 while also being 08/2022 and while also purporting a 06/2022 date of last payment. 6 items.

F.  Because of the contradictions in subsection B each "Amount past due" item in the historical section after the purported charge-off is inaccurate. The charge-off purports to be on 02/2023 for "$0" and the amount past due in the top section purports to be "$2,153." However, the historical section at 02/2023 purports a past due of "$1,155." Pursuant to a charge-off closing the account to further balances either interpretation is contradictory. The past due amount at historical 02/2023 should have been "$2,153" at the very least but it is "$1,155". In fact, each historical amount past due after the charge-off does not equal the amount past due in the top section of the report ($2,153). 12 items.

G.  No date closed compounds the inaccuracies.

H. Charge-off 02/2023 yet scheduled payment $859 continue. 1 item.

I. Historical information such as past due do not match purported billing statements from CITI and this is cause for equitable estoppel. The records are untrustworthy and is increased litigation causing distress damages. The entire account should have been deleted due to non-verification. **EXHIBITS**

**EQUIFAX**

CREDIT FILE : February 03, 2024
Confirmation # 4027563300

Dear CORINA TOLAMAA:

We are pleased to let you know that the results of the dispute you recently filed with Equifax are complete. Here are a few things to know about the process:

**Were changes made to my credit report and what actions were taken?**

Please see the following page(s) for more detailed information on your specific results.

If we were able to make changes to your credit report based on the information you provided, we have done so. Otherwise, we contacted the company reporting the information to Equifax for them to investigate your dispute.

In this situation:

- We request that the reporting company verify the accuracy of the information you disputed;
- We provide them with any relevant information and supporting documentation you provided us with the dispute to consider as part of the investigation; and
- We request that they send Equifax a response to your dispute and update their records and systems, as necessary.

If your dispute involves a public record item, Equifax contacts a third party vendor to obtain the most recent status of the public record.

**How do I know that all of this is happening?**

When the reporting company replies to us, they certify that they have followed Equifax's instructions and the law; considered all information and documentation provided; and updated your information, as necessary.

**What should I do if I do not agree with the results of the investigation?**

You have a few options:

- You may add a statement of up to 100 words to your credit report. If you provide a consumer statement that contains medical information related to

(End of Report)
000001097-DISC

Page 1 of 40

4027563300-IXB-0cf9013a000000a0-02032024

000001097- DISC
CORINA TOLAMAA
1828 S 234TH DR
BUCKEYE, AZ 85326-8628

P.O. Box 105518
Atlanta, GA 30348

PAGE **24** OF **72**

0000025B 0A0664 0000-0020 DEC/Y00000002041 18157 001 0000 1092

**What else should I know?**

If there has been a change to your credit report based on your dispute, or if you add a consumer statement, you may request that Equifax send an updated report to companies who received your credit report within the last two years for employment purposes, or within the last six months for any other purpose (the past 12 months for residents of California, Colorado, Maryland, New York and New Jersey residents).

Also, if you are interested, you may request a description of how the reinvestigation was conducted along with the business name, address and telephone number (if reasonably available) of the furnisher of your disputed information.

For frequently asked questions about your credit report and the dispute process, please visit Equifax at https://help.equifax.com/.

As always, we thank you for contacting Equifax and the results of your dispute are on the pages following this letter.

**How should I read my dispute results?**

To better assist you with understanding the results of your dispute, please review the information below:

- If an item states "Deleted", we have removed it from your credit report and taken steps so it does not reappear.
- If an item states "Verified as Reported", the reporting company has certifed it is reporting accurately.
- If an item states "Updated", we have updated one or more fields on the item based on information received from the reporting company.

Updated disputed account information only: **The information you disputed has been updated.**

Updated disputed account information. Additional account information was also updated: **The information you disputed has been updated as well as other information on this item.**

Disputed information accurate. Updated account information unrelated to the dispute: **The information you disputed has been verified as accurate, however, information unrelated to your dispute has been updated.**

Consumer's dispute not specific. Consumer information verified. Account information updated: **Information on your report has been updated.**

**The Results Of Our Reinvestigation**

>>> *We have reviewed your concerns and our conclusions are:* PLEASE BE ADVISED THAT THERE IS NO FRAUD ALERT REPORTING ON YOUR EQUIFAX CREDIT FILE.

**Credit Account Information**
*(For your security, the last 4 digits of account number(s) have been replaced by *) (This section includes open and closed accounts reported by credit grantors)*

| Account History Status Code Descriptions | 1 : 30-59 Days Past Due<br>2 : 60-89 Days Past Due<br>3 : 90-119 Days Past Due<br>4 : 120-149 Days Past Due | 5 : 150-179 Days Past Due<br>6 : 180 or More Days Past Due<br>G : Collection Account<br>H : Foreclosure | J : Voluntary Surrender<br>K : Repossession<br>L : Charge Off |
|---|---|---|---|

(End of Report)
000001097-DISC

4027563300-IXB-0cf9013a000000a0-02032024

0000230 04066 0004-0020 DEC A000000202411184157 001 000001097

**Historical Account Information**

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| 03/23 | $4,928 | $192 | | 08/01/2022 | $5,117 | $4,000 | $855 | Credit Card | Closed |
| 02/23 | $4,785 | $198 | | 08/01/2022 | $5,117 | $4,000 | $663 | Credit Card | Closed |
| 01/23 | $4,489 | $184 | | 08/01/2022 | $5,117 | $4,000 | $298 | Credit Card | Closed |
| 12/22 | $4,489 | $184 | | 08/01/2022 | $5,117 | $4,000 | $298 | Credit Card | |
| 11/22 | $4,349 | $181 | | 08/01/2022 | $5,117 | $4,000 | $127 | Credit Card | |
| 10/22 | $4,211 | $171 | | 08/01/2022 | $5,117 | $4,000 | | Credit Card | |

>>> *Information on your report has been updated. Account # - *0407 The results are:* WE VERIFIED THAT THIS ITEM BELONGS TO YOU. THIS ACCOUNT HAS BEEN UPDATED. ADDITIONAL INFORMATION HAS BEEN PROVIDED FROM THE ORIGINAL SOURCE REGARDING THIS ITEM. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *ADDITIONAL INFORMATION *SCHEDULED PAYMENT *HISTORICAL ACCOUNT INFORMATION. If you have additional questions about this item please contact: *CITI, 5800 SOUTH CORPORATE PLACE, SIOUX FALLS, SD 57108 Phone: (800) 950-5114*

**CITICARDS CBNA**    5800 SOUTH CORPORATE PLACE SIOUX FALLS SD 57108 : 8009505114

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| *0407 | 02/11/2019 | | $4,760 | | Monthly | 57 | Closed | |

| Date of Last Reported Update | Balance Amount | Amount Past Due | Date of Last Payment | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj Del 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 02/03/2024 | $5,655 | $2,153 | 06/2022 | | | 08/2022 | | 01/2024 | $0 | | | | |

| Status | Type of Account | Type of Loan | Whose Account | Portfolio Indicator | Portfolio Status |
|---|---|---|---|---|---|
| Charge Off | Revolving | Flexible Spending Credit Card | Individual Account | | |

ADDITIONAL INFORMATION:
*Consumer Disputes After Resolution*

*Charged Off Account*

*Account Closed By Credit Grantor*

*Flexible Spending Credit Card*
Account History with Status Codes

| 12/2023 | 11/2023 | 10/2023 | 09/2023 | 08/2023 | 07/2023 | 06/2023 | 05/2023 | 04/2023 | 03/2023 |
|---|---|---|---|---|---|---|---|---|---|
| L | L | L | L | L | L | L | L | L | L |

| 02/2023 | 01/2023 | 12/2022 | 11/2022 | 10/2022 | 09/2022 |
|---|---|---|---|---|---|
| L | 5 | 4 | 3 | 2 | 1 |

(End of Report)
000001097-DISC

4027563300-IXB-0cf9013a000000a0-02032024

000000238 04067 0005-0020 DECA000000200241184157 00L 000001097

Historical Account Information

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| 01/24 | $5,655 | | | 06/01/2022 | | $4,760 | $2,068 | Flexible Spending Credit Card | Closed |
| 12/23 | $5,655 | | | 06/01/2022 | | $4,760 | $2,068 | Flexible Spending Credit Card | Closed |
| 11/23 | $5,655 | | | 06/01/2022 | | $4,760 | $1,983 | Flexible Spending Credit Card | Closed |
| 10/23 | $5,655 | | | 06/01/2022 | | $4,760 | $1,898 | Flexible Spending Credit Card | Closed |
| 09/23 | $5,655 | | | 06/01/2022 | | $4,760 | $1,813 | Flexible Spending Credit Card | Closed |
| 08/23 | $5,655 | | | 06/01/2022 | | $4,760 | $1,728 | Flexible Spending Credit Card | Closed |
| 07/23 | $5,655 | | | 06/01/2022 | | $4,760 | $1,643 | Flexible Spending Credit Card | Closed |
| 06/23 | $5,655 | $0 | | 06/01/2022 | | $4,760 | $1,558 | Flexible Spending Credit Card | Closed |
| 05/23 | $5,655 | $0 | | 06/01/2022 | $6,050 | $4,760 | $1,473 | Flexible Spending Credit Card | Closed |
| 04/23 | $5,655 | | | 06/01/2022 | $6,050 | $4,760 | $1,388 | Flexible Spending Credit Card | Closed |
| 03/23 | $5,655 | | | 06/01/2022 | $6,050 | $4,760 | $1,303 | Flexible Spending Credit Card | Closed |
| 02/23 | $5,655 | $859 | | 06/01/2022 | $6,050 | $4,760 | $1,155 | Flexible Spending Credit Card | Closed |
| 01/23 | $5,435 | $859 | | 06/01/2022 | $6,050 | $4,760 | $613 | Flexible Spending Credit Card | Closed |
| 12/22 | $5,435 | $859 | | 06/01/2022 | $6,050 | $4,760 | $613 | Flexible Spending Credit Card | Closed |
| 11/22 | $5,305 | $718 | | 06/01/2022 | $6,050 | $4,760 | $445 | Flexible Spending Credit Card | |
| 10/22 | $5,185 | $594 | | 06/01/2022 | $6,050 | $4,760 | $275 | Flexible Spending Credit Card | |
| 09/22 | $5,068 | $478 | | 06/01/2022 | $6,050 | $4,760 | $117 | Flexible Spending Credit Card | |
| 08/22 | $4,950 | $347 | | 06/01/2022 | $6,050 | $4,760 | | Flexible Spending Credit Card | |
| 07/22 | $4,842 | $199 | | 06/01/2022 | $6,050 | $4,760 | | Flexible Spending Credit Card | |
| 06/22 | $4,631 | $138 | | 05/01/2022 | $6,050 | $6,210 | | Flexible Spending Credit Card | |
| 05/22 | $3,709 | $79 | | 05/01/2022 | $6,050 | $6,210 | | Flexible Spending Credit Card | |
| 04/22 | $2,663 | $70 | | 04/01/2022 | $6,050 | $6,210 | | Flexible Spending Credit Card | |

(End of Report)
000001097-DISC

Page 9 of 40

4027563300-IXB-0cf9013a000000a0-02032024

PAGE **27** OF **72**

000000C8 C1 E067 5003-0020 0E0D0000A020020211811817 100 5000010

| Historical Account Information | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
| 03/22 | $2,919 | $65 | | 03/01/2022 | $6,050 | $6,210 | | Flexible Spending Credit Card | |
| 02/22 | $2,922 | $63 | | 02/01/2022 | $6,050 | $6,210 | | Flexible Spending Credit Card | |

(End of Report)
000001097-DISC

Page 10 of 40

4027563300-IXB-0cf9013a000000a0-02032024

### 17. JUNE 2024 RESULTS

The plaintiffs submitted a dispute to Equifax and Equifax notified the furnisher **EXHIBIT**.

The results are the same as the FEB 2024 results and Paragraph 16 is re-incorporated.

A. In addition to paragraph 16, this JUNE 2024 report purports a DOFD 06/2022, yet the 1st 30-day late reports as 09/2022 in the status codes—a contradiction. The previous report stated the last payment was 06/2022 therefore the DOFD could not also be the date of last payment. Either way a DOFD 06/2022 contradicts a "1" "09/2022" status code. Once again, each item in the Account History with status codes is inaccurate. At least 6 items if not more.

PAGE **28** OF **72**

B. The purported past due increases again, $2,235 from $2,153, and is still contradictory to the charge-off and historical amount past due for the same date ranges.

C. Date of last payment 06/2024 with no actual payment amount and no historical field to cross reference. Thus, there is no way to verify any other fields.

D. The status and balance fail to reflect the accord and satisfaction of the account that occurred in MAY, JUNE, and DEC of 2024. The accord terms expressly waived all liability.

**EXHIBIT** . Elements of Accord and Satisfaction under South Dakota law:

o       SD Codified Laws § 20-7-4: " Part performance of an obligation, either before or after a breach thereof, when expressly accepted by the creditor in writing in satisfaction, or rendered in pursuance of an agreement in writing for that purpose, though without any new consideration, extinguishes the obligation."

o       SD Codified Laws § 57A-1-308(b): Explicitly states reservation of rights does not apply to accord and satisfaction

PAGE **29** OF **72**

P.O. Box 105518
Atlanta, GA 30348

000001512-DISC
CORINA TOLAMAA
1828 S 234TH DR
BUCKEYE, AZ 85326-8628

## EQUIFAX

**CREDIT FILE : June 25, 2024**

**Confirmation # 4169512241**

Dear CORINA TOLAMAA:

We are pleased to let you know that the results of the dispute you recently filed with Equifax are complete. Here are a few things to know about the process:

**Were changes made to my credit report and what actions were taken?**

Please see the following page(s) for more detailed information on your specific results.

If we were able to make changes to your credit report based on the information you provided, we have done so. Otherwise, we contacted the company reporting the information to Equifax for them to investigate your dispute.

In this situation:

- We request that the reporting company verify the accuracy of the information you disputed;

- We provide them with any relevant information and supporting documentation you provided us with the dispute to consider as part of the investigation; and

- We request that they send Equifax a response to your dispute and update their records and systems, as necessary.

If your dispute involves a public record item, Equifax contacts a third party vendor to obtain the most recent status of the public record.

**How do I know that all of this is happening?**

When the reporting company replies to us, they certify that they have followed Equifax's instructions and the law; considered all information and documentation provided; and updated your information, as necessary.

**What should I do if I do not agree with the results of the investigation?**

You have a few options:

- You may add a statement of up to 100 words (200 words for Maine residents) to your credit report. If you provide a consumer statement that contains

(End of Report)                         Page 1 of 12                    4169512241-MKX-0d88016d000000f1-06252024
000001512-DISC

PAGE **30** OF **72**

219.2000 100 501 RE I1 25 0000000 901 901 5000 4000 01E 00 S96 10.00

### Historical Account Information

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| 04/24 | $6,340 | | | 08/01/2022 | | $5,200 | $6,340 | Flexible Spending Credit Card | Closed |
| 03/24 | $6,340 | | | 08/01/2022 | | $5,200 | $6,340 | Flexible Spending Credit Card | Closed |
| 02/24 | $6,340 | | | 08/01/2022 | | $5,200 | $6,340 | Flexible Spending Credit Card | Closed |
| 01/24 | $6,340 | | | 08/01/2022 | | $5,200 | $6,340 | Flexible Spending Credit Card | Closed |
| 12/23 | $6,340 | $0 | | 08/01/2022 | | $5,200 | $6,340 | Flexible Spending Credit Card | Closed |
| 11/23 | No Data Available | | | | | | | | |
| 10/23 | $6,340 | | | 08/01/2022 | | $5,200 | $6,340 | Flexible Spending Credit Card | Closed |
| 09/23 | $6,340 | | | 08/01/2022 | | $5,200 | $6,340 | Flexible Spending Credit Card | Closed |
| 08/23 | $6,340 | | | 08/01/2022 | | $5,200 | $6,340 | Flexible Spending Credit Card | Closed |
| 07/23 | No Data Available | | | | | | | | |
| 06/23 | No Data Available | | | | | | | | |
| 05/23 | No Data Available | | | | | | | | |
| 04/23 | $6,340 | | | 08/01/2022 | | $5,200 | $6,340 | Flexible Spending Credit Card | Closed |
| 03/23 | $6,340 | $171 | | 08/01/2022 | $7,141 | $5,200 | $1,133 | Flexible Spending Credit Card | Closed |
| 02/23 | $6,232 | $215 | | 08/01/2022 | $7,141 | $5,200 | $920 | Flexible Spending Credit Card | Closed |
| 01/23 | $6,074 | $203 | | 08/01/2022 | $7,141 | $5,200 | $717 | Flexible Spending Credit Card | Closed |
| 12/22 | $5,922 | $203 | | 08/01/2022 | $7,141 | $5,200 | $515 | Flexible Spending Credit Card | |
| 11/22 | $5,777 | $202 | | 08/01/2022 | $7,141 | $5,200 | $326 | Flexible Spending Credit Card | |
| 10/22 | $5,538 | $189 | | 08/01/2022 | $7,141 | $5,200 | $141 | Flexible Spending Credit Card | |

>>> Information on your report has been updated. Account # - *0407 The results are: WE VERIFIED THAT THIS ITEM BELONGS TO YOU. THIS ACCOUNT HAS BEEN UPDATED. ADDITIONAL INFORMATION HAS BEEN PROVIDED FROM THE ORIGINAL SOURCE REGARDING THIS ITEM. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *ADDITIONAL INFORMATION *BALANCE *PAST DUE *DATE OF LAST PAYMENT. If you have additional questions about this item please contact: CITI, 5800 SOUTH CORPORATE PLACE, SIOUX FALLS, SD 57108 Phone: (800) 950-5114

(End of Report)
000001512-DISC

4169512241-MKX-0d88016d000000f1-06252024

**CITICARDS CBNA** 5800 SOUTH CORPORATE PLACE SIOUX FALLS SD 57108 : 8009505114

| Account Number *0407 | Date Opened 02/11/2019 | High Credit | Credit Limit $4,760 | Terms Duration | Terms Frequency Monthly | Months Revo 60 | Activity Designator Closed | Creditor Classification |
|---|---|---|---|---|---|---|---|---|

| Date of Last Reported Update 06/25/2024 | Balance Amount $5,315 | Amount Past Due $2,235 | Date of Last Payment 06/2024 | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency 06/2022 | Date of Last Activity | Date Maj Del 1st Rptd 01/2024 | Charge Off Amount $0 | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Status Charge Off | Type of Account Revolving | | Type of Loan Flexible Spending Credit Card | Whose Account Individual Account | Portfolio Indicator | Portfolio Status |
|---|---|---|---|---|---|---|

**ADDITIONAL INFORMATION:**
*Consumer Disputes After Resolution*

**Charged Off Account**

**Account Closed By Credit Grantor**

*Flexible Spending Credit Card*

Account History with Status Codes

| 04/2024 L | 03/2024 L | 02/2024 L | 01/2024 L | 12/2023 L | 11/2023 L | 10/2023 L | 09/2023 L | 08/2023 L | 07/2023 L |
|---|---|---|---|---|---|---|---|---|---|
| 06/2023 L | 05/2023 L | 04/2023 L | 03/2023 L | 02/2023 L | 01/2023 5 | 12/2022 4 | 11/2022 3 | 10/2022 2 | 09/2022 1 |

Historical Account Information

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| 05/24 | $5,455 | | | 05/01/2024 | | $4,760 | $2,293 | Flexible Spending Credit Card | Closed |
| 04/24 | $5,655 | | | 06/01/2022 | | $4,760 | $2,408 | Flexible Spending Credit Card | Closed |
| 03/24 | $5,655 | | | 06/01/2022 | | $4,760 | $2,323 | Flexible Spending Credit Card | Closed |
| 02/24 | $5,655 | | | 06/01/2022 | | $4,760 | $2,238 | Flexible Spending Credit Card | Closed |
| 01/24 | $5,655 | $0 | | 06/01/2022 | | $4,760 | $2,153 | Flexible Spending Credit Card | Closed |
| 12/23 | $5,655 | | | 06/01/2022 | | $4,760 | $2,068 | Flexible Spending Credit Card | Closed |
| 11/23 | $5,655 | | | 06/01/2022 | | $4,760 | $1,983 | Flexible Spending Credit Card | Closed |
| 10/23 | $5,655 | | | 06/01/2022 | | $4,760 | $1,898 | Flexible Spending Credit Card | Closed |
| 09/23 | $5,655 | | | 06/01/2022 | | $4,760 | $1,813 | Flexible Spending Credit Card | Closed |
| 09/23 | $5,655 | | | 06/01/2022 | | $4,760 | $1,728 | Flexible Spending Credit Card | Closed |

(End of Report)
000001512-DISC

Page 9 of 12

4169512241-MKX-0d88016d000000f1-06252024

**Historical Account Information**

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| 07/23 | $5,655 | | | 06/01/2022 | | $4,760 | $1,643 | Flexible Spending Credit Card | Closed |
| 06/23 | $5,655 | | | 06/01/2022 | | $4,760 | $1,558 | Flexible Spending Credit Card | Closed |
| 05/23 | $5,655 | $0 | | 06/01/2022 | | $4,760 | $1,473 | Flexible Spending Credit Card | Closed |
| 04/23 | $5,655 | | | 06/01/2022 | $6,050 | $4,760 | $1,388 | Flexible Spending Credit Card | Closed |
| 03/23 | $5,655 | | | 06/01/2022 | $6,050 | $4,760 | $1,303 | Flexible Spending Credit Card | Closed |
| 02/23 | $5,655 | | | 06/01/2022 | $6,050 | $4,760 | $1,155 | Flexible Spending Credit Card | Closed |
| 01/23 | $5,435 | $859 | | 06/01/2022 | $6,050 | $4,760 | $613 | Flexible Spending Credit Card | Closed |
| 12/22 | $5,435 | $859 | | 06/01/2022 | $6,050 | $4,760 | $613 | Flexible Spending Credit Card | Closed |
| 11/22 | $5,305 | $718 | | 06/01/2022 | $6,050 | $4,760 | $445 | Flexible Spending Credit Card | |
| 10/22 | $5,185 | $594 | | 06/01/2022 | $6,050 | $4,760 | $275 | Flexible Spending Credit Card | |
| 09/22 | $5,068 | $478 | | 06/01/2022 | $6,050 | $4,760 | $117 | Flexible Spending Credit Card | |

(End of Report)
000001512-DISC

4169512241-MKX-0d88016d000000f1-06252024

PAGE **33** OF **72**



## BILLING ERROR BONA FIDE DISPUTE

profit by his fraud. Wood v. Perkins (C.C) 57 F. 258, 260; Newton v. Porter, 69 N.Y. 133, 25 Am.Rep. 152. Brissell v. Knapp 155 F. 809 (9th Cir. 1907)." See, "Where the statute in question is designed for the protection of the public, a contract in violation of it is void. Finley v. City of Oakland No. C 04-5102 MEJ (N.D. Cal. Feb. 2, 2006)"

In addition to the above violations, the previous dispute letter, which is incorporated by reference, still stands true. This letter is because it seems you may have overlooked the previous correspondence and are still collecting. Therefore, because equity regards what ought to be done as done, this letter further enforces the previous dispute.

In conclusion of the above, an instrument is attached for accord and satisfaction of the purported and alleged debt asserted due. Cashing constitutes full satisfaction of all alleged amounts for all alleged accounts associated with the undersigned's name. It is a waiver of all previously alleged and purported contracts/agreements/judgements/fees/costs/ any liability against any interested parties. It is a waiver of any purported reservation of rights found under any statutes. The act of cashing shall be deemed to be conclusive evidence that you have accepted in good faith because the alleged debtor herein cannot see your endorsement and anything else would be a conversion. This is to prevent costly litigation. Please also ensure the credit reporting of this account reflects the accord and reports the appropriate paid in full settlement status.

## BILLING ERROR BONA FIDE DISPUTE

C.E.O. / C.F.O. for
**CITI BANK N.A**
Customer Services
P.O. Box 790046
St. Louis, MO 63179-0046
**Respondent**

Corina: Tolamaa for
CORINA TOLAMAA, Estate
1828 S 234TH DRIVE.
BUCKEYE, ARIZONA 85326
**Principal**

June 1, 2024

Account Numbers: 0407

THIS NOTICE AND ENCLOSURES ARE A PRIVATE COMMUNICATION BETWEEN THE PARTIES AND CONSTITUTES DUE PROCESS IN ADMINISTRATIVE PROCEDURE. NOTICE TO AGENT IS NOTICE TO PRINCIPAL. NOTICE TO PRINCIPAL IS APPLICABLE TO ALL SUCCESSORS AND ASSIGNS.



18. CITI violated § 1681s–2. Responsibilities of furnishers of information to consumer reporting agencies, (A)Reporting information with actual knowledge of errors, (2)Duty to correct and update information, (4)Duty to provide notice of closed accounts, (5)Duty to provide notice of delinquency of accounts (which shall be the **month** and **year** of the **commencement** of the delinquency on the account), (b)Duties of furnishers of information upon notice of dispute. failed to delete the unverifiable and inaccurate account, And an unreasonable, malicious investigation.

19. Plaintiffs are damaged because Plaintiff Corina suffers from informational and emotional distress damages and the Plaintiff Oliver Complot is husband to Plaintiff Corina Tolamaa and suffers by proximity because neither plaintiff can be an effective cosigner when the other has false information on a report and the distress is proximal. The damages are because Congress enacted the consumer protection act to protect against these informational harms. The consumer protection act expresses itself like stacked Russian Dolls as each act fits within the other within the statutory framework. Therefore, when information reports inaccurately within the meaning of the FCRA, it leads to material disadvantages elsewhere in the statutory scheme by abusive debt collectors within the meaning of the FDCPA. This exact situation of inaccurate reporting by a furnisher that is then passed on to a debt collector has in fact happened to the plaintiffs and this led plaintiffs to suffer material disadvantages and severe emotional distress in charting a course of action against a debt collector which is exactly what Congress is concerned about. These same informational and emotionally distressful situations are caused here by EQ and the furnisher CITI by their willfully unreasonable investigations. Plaintiff has a right to accurate information/ data reporting and or the unverifiable information to be deleted per the statute. As previously alleged, this entire situation has caused severe distress upon Plaintiffs. Citi damaged Plaintiff by allowing such patently conflicting information to be generated and included in a report multiple times. The physical/emotional trauma of CITI reporting conflicting information not based on its own alleged records is its own kind of distress. CITI has been reporting this information for at least a year. CITI's reporting and investigation procedures are a threat to all consumers everywhere. CITI has no regard for how its actions affected Plaintiffs and will surely plague other consumers if punitive damages are not assessed against it. Plaintiffs are also damaged because the conflicting reporting, which should've been deleted

PAGE **35** OF **72**

because it cannot be verified, is negatively impacting Plaintiffs credit rating and every other metric that determines credit worthiness. Plaintiffs are damaged because Plaintiffs cannot access other opportunities for credit while this conflicting reporting that cannot be verified remains on reports and obscures the debt ratio. Plaintiffs sought credit for mortgage housing and could not continue the process due to this reporting. Plaintiffs also require credit for medical care for several debilitating conditions such as autoimmune issues and the distress only makes this severely worse. Plaintiffs are further damaged and humiliated because Plaintiffs husband cannot be an effective cosigner while the conflicting information is being reported. Plaintiffs are damaged by the strain on the marital relationship as previously alleged. Plaintiffs are damaged by the loss of consortium and hedonic damages because much research to make claims and that enormous time spent away from family while having work and school. All the while the nonverified information should have been deleted and all the time spent correcting this situation.

20. Therefore, Plaintiffs are damaged as alleged above and demands judgment for damages against defendant CITI for willful statutory and or the higher of actual, punitive, special, consequential, compensatory, damages in an amount determined at trial, or by the court.

### FACTUAL BACKGROUND – TRANSUNION REPORT CORINA

21. The above paragraphs are re alleged as fully set forth herein

22. PLAINTIFF notified the CRA Transunion (TU) by mail in May 2024. Transunion then notified the furnisher CITI in June 2024.

23. **JULY 2024 RESULTS**

The plaintiffs submitted a dispute to Transunion and TU notified the furnisher **EXHIBIT**.CITI reported a blank **last payment amount.** 1 item.

J. The status of the report indicates "charged off," yet the reported balance ($5,315), amount past due ($2,235), and charge-off amount (not shown) directly contradict one another. These contradictions render the report inaccurate, incomplete, and misleading for the

PAGE **36** OF **72**

following reasons: 1) A "charged off" status signifies the creditor has written off the account as a loss. The charge-off amount must reflect the total balance owed at the time of the charge-off. Showing a balance of $5,315 is a direct contradiction to the amount past due after a purported charge-off 2) The **amount past due ($2,235)** cannot be less than the balance after a charge-off. 2 items.

K.  The report shows a **closed date** of 11/22 while also continuing to report late statuses indicating the account is truly closed. This is inaccurate and or misleading.

L.  The **date of removal**, which is based on the **first delinquency date**, is reported as 07/2029 but the report also reports the first 30-day late as 09/2022. This makes each rating item after 06/2022 inaccurate because the removal and DOFD must match. At least 7 items.

"According to Experian, "that the 'account is scheduled to continue on record until Jul 2023' would make it apparent to a party viewing this account that National Credit Adjusters reported to Experian a date of first delinquency for Plaintiff's Speedy Cash debt a maximum of seven years prior to July 2023." Doc. 35 at PAGEID 199. Bowles v. TransUnion, LLC, 2:23-cv-717 (S.D. Ohio Jun. 27, 2024)"

M.  Because of the above the items in the maximum delinquency are inaccurate. 2 items.

N.  The status and balance fail to reflect the accord and satisfaction of the account.

**EXHIBIT** Elements of Accord and Satisfaction under South Dakota law:

o        SD Codified Laws § 20-7-4: " Part performance of an obligation, either before or after a breach thereof, when expressly accepted by the creditor in writing in satisfaction, or rendered in pursuance of an agreement in writing for that purpose, though without any new consideration, extinguishes the obligation."

o        SD Codified Laws § 57A-1-308(b): Explicitly states reservation of rights does not apply to accord and satisfaction

24.  CITI violated § 1681s–2. Responsibilities of furnishers of information to consumer reporting agencies, (A)Reporting information with actual knowledge of errors, (2)Duty to correct and

PAGE **37** OF **72**

update information, (4)Duty to provide notice of closed accounts, (5)Duty to provide notice of delinquency of accounts (which shall be the **month** and **year** of the **commencement** of the delinquency on the account), (b)Duties of furnishers of information upon notice of dispute. Failed to delete the unverifiable and inaccurate account, And an unreasonable, malicious investigation.

25. Plaintiffs are damaged as alleged in the complaint as previously alleged.

26. Therefore, Plaintiffs are damaged as alleged above and demands judgment for damages against defendant CITI for willful statutory and or the higher of actual, punitive, special, consequential, compensatory, damages in an amount determined at trial, or by the court.

PAGE **38** OF **72**

*** 428184966-036 ***
TransUnion LLC
PO Box 805
Woodlyn, PA 19094-0805

07/03/2024



Information for Good.

P-I000001-
CORINA PAOLA TOLAMAA
1828 S 234TH DR
BUCKEYE, AZ 85326-8628

Dear CORINA PAOLA TOLAMAA,

We understand that recently something on your credit report did not seem right to you. We take this matter seriously, and we want to make sure your TransUnion credit report is accurate. It's our commitment to you.

Our investigation of the dispute you submitted is now complete. After a review of your dispute and any provided documentation, we took one or more of the following action(s):

1. Updated your credit report based on the information you provided; OR
2. Determined that the information you disputed either does not appear on your credit file or already shows the requested status; OR
3. Determined that the data furnisher had previously verified the reported information. If any of the items you disputed were previously verified, a separate communication was sent to you listing those items along with the data furnisher's contact information; OR
4. Asked the data furnisher reporting the information you disputed to do all of the following:
   - Review relevant information we sent them, including any provided documents
   - Investigate your dispute and verify whether the information they report is accurate
   - Provide us a response to your dispute and update any other information
   - Update their records and systems, if necessary;

Should you wish to receive the above description of the procedures we used to investigate your dispute in a separate communication for your records, please contact TransUnion.

Your dispute is important. In the pages that follow, you will see your detailed investigation results, including the name and contact details of the source of the information. Please review the results carefully. To view a full copy of your credit report and for more information about how to read your credit report, please visit www.transunion.com/fullreport.

## How to Read Your Investigation Results

You will see that, for each disputed item, a summary explanation appears in the gray box, followed by a brief paragraph describing the results of our investigation, followed by a view of how the item appears in your updated credit report. Please note any changes we made to personal information (name, address, employment, SSN, date of birth) will appear at the end of **Your Investigation Results**.

PAGE **39** OF **72**

File Number: 428184966  
Date Issued: 07/03/2024  

Page 5 of 8

## Your Investigation Results

> **INVESTIGATION RESULTS - DISPUTED INFORMATION UPDATED AND OTHER INFORMATION UPDATED:** A change was made to the item(s) based on your dispute and other information has also changed.

**BARCLAYS BANK DELAWARE/OLD NAVY** #00042887225**** ( P.O. BOX 8803, WILMINGTON, DE 19899, (866) 370-5931 )  
We investigated the information you disputed and updated: **Balance; Date Updated; Last Payment Made; Past Due; Maximum Delinquency; Rating; Historical Trended Data**. Here is how this item appears on your credit report following our investigation.

| | | |
|---|---|---|
| Date Opened: 06/07/2020 | Balance: $1,248 | Pay Status: >Charged Off< |
| Responsibility: Individual Account | Date Updated: 06/21/2024 | Terms: Paid Monthly |
| Account Type: Revolving Account | Payment Received: 06/13/2024 ($100) | Date Closed: 11/25/2022 |
| Loan Type: CREDIT CARD | Last Payment Made: 06/13/2024 | >Maximum Delinquency of 120 days in 12/2022 and in 02/2023< |
| | High Balance: $1,388 | |
| | Original Charge-off: $919 | |
| | Credit Limit: $1,024 | |
| | Past Due: >$1,248< | |

Account Sale Info: ACCOUNT PURCHASED FROM SYNCHRONY BANK  
Remarks: DISP INVG COMP-CONSUM DISAGRS; CLOSED BY CREDIT GRANTOR; >UNPAID BALANCE CHARGED OFF<  
Estimated month and year that this item will be removed: 08/2029

| | 05/2024 | 04/2024 | 03/2024 | 02/2024 | 01/2024 | 12/2023 | 11/2023 | 10/2023 | 09/2023 | 08/2023 | 07/2023 | 06/2023 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O |

| | 05/2023 | 04/2023 | 03/2023 | 02/2023 | 01/2023 | 12/2022 | 11/2022 | 10/2022 | 09/2022 | 08/2022 | 07/2022 | 06/2022 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | C/O | C/O | C/O | 120 | 120 | 120 | 90 | 60 | 30 | OK | OK | OK |

| | 05/2022 | 04/2022 | 03/2022 | 02/2022 | 01/2022 | 12/2021 | 11/2021 | 10/2021 | 09/2021 | 08/2021 | 07/2021 | 06/2021 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 05/2021 | 04/2021 | 03/2021 | 02/2021 | 01/2021 | 12/2020 | 11/2020 | 10/2020 | 09/2020 | 08/2020 | 07/2020 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

**CITICARDS CBNA** #410039054424**** ( 5800 SOUTH CORPORATE PLACE, SIOUX FALLS, SD 57108, (855) 378-6467 )  
We investigated the information you disputed and updated: **Balance; Date Updated; Last Payment Made; Past Due; Maximum Delinquency; Rating; Historical Trended Data**. Here is how this item appears on your credit report following our investigation.

| | | |
|---|---|---|
| Date Opened: 02/11/2019 | Balance: $5,315 | Pay Status: >Charged Off< |
| Responsibility: Individual Account | Date Updated: 06/25/2024 | Terms: Paid Monthly |
| Account Type: Revolving Account | Last Payment Made: 06/12/2024 | Date Closed: 11/18/2022 |
| Loan Type: FLEXIBLE SPENDING CREDIT CARD | High Balance: $6,050 | >Maximum Delinquency of 120 days in 12/2022 and in 01/2023< |
| | Credit Limit: $4,760 | |
| | Past Due: >$2,235< | |

Remarks: DISP INVG COMP-CONSUM DISAGRS; CLOSED BY CREDIT GRANTOR; >UNPAID BALANCE CHARGED OFF<  
Estimated month and year that this item will be removed: 07/2029

| | 05/2024 | 04/2024 | 03/2024 | 02/2024 | 01/2024 | 12/2023 | 11/2023 | 10/2023 | 09/2023 | 08/2023 | 07/2023 | 06/2023 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | X | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O |

| | 05/2023 | 04/2023 | 03/2023 | 02/2023 | 01/2023 | 12/2022 | 11/2022 | 10/2022 | 09/2022 | 08/2022 | 07/2022 | 06/2022 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | C/O | C/O | C/O | C/O | 120 | 120 | 90 | 60 | 30 | OK | OK | OK |

| | 05/2022 | 04/2022 | 03/2022 | 02/2022 | 01/2022 | 12/2021 | 11/2021 | 10/2021 | 09/2021 | 08/2021 | 07/2021 | 06/2021 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 05/2021 | 04/2021 | 03/2021 | 02/2021 | 01/2021 | 12/2020 | 11/2020 | 10/2020 | 09/2020 | 08/2020 | 07/2020 | 06/2020 | 05/2020 | 04/2020 | 03/2020 | 02/2020 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 01/2020 | 12/2019 | 11/2019 | 10/2019 | 09/2019 | 08/2019 | 07/2019 | 06/2019 | 05/2019 | 04/2019 | 03/2019 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | X | X | X | X | X | X | X | X | X | X |

PAGE **40** OF **72**

CORINA TOLAMAA
1828 S 234TH DR
BUCKEYE, AZ, 85326

5/26/24

**TransUnion**
**PO Box 2000**
**Chester, PA 19016**

<strong>Request for Reinvestigation</strong>

I received a copy of my credit report and I believe the following item of information to be inaccurate:

Account Name: **CITI**  Account Number: 410039XXXXXX
I believe the following account on my credit report is reporting inaccurately and is incomplete. I believe the payment information/history and balances information/history, and amounts purported past due are reported **inaccurately/incompletely**. Please also verify the delinquency dates and other dates. The balance history shows no payments. I ask that you investigate this account for completeness and accuracy and notify the furnisher that this item of information is being disputed. Further, there has been an accord and satisfaction of this account. The balance should reflect the terms of the accord. Please do not automate this letter and deliver it directly to the furnisher for investigation along with the attached evidence.

If you determine that this dispute is frivolous or irrelevant, please provide me with the notice of determination within 5 business days containing the reason and information required to investigate the disputed information.

Otherwise, please delete or modify this misleading information, notify the furnisher, and send me an updated copy of my credit file within 5 business days after the completion of your reinvestigation.

Upon completion of your reinvestigation, I am also requesting the business name, business address, and telephone number, if available, that was used in connection with this reinvestigation. Lastly, please provide a description of the procedure used.

If this reinvestigation results in a deletion, please provide notification to all persons who pulled my credit report within the last 6 months.

PAGE **41** OF **72**

## FACTUAL BACKGROUND – THE DEBT COLLECTORS – CORINA & OLIVER

### FDCPA – CREDIT CONTROL LLC – CITI ACCOUNT

27. Credit control is a debt collection agency as defined in FDCPA attempted to collect alleged personal consumer debts.

28. Credit control sent a collection letter when the account was legally settled per the accord and satisfactions accepted by CITI.

29. Plaintiff Oliver Complot received the communication and was greatly distressed by the false communication.

30. Plaintiffs notified Credit Control with a refusal to pay and Credit Control continued communicating with plaintiffs three more times. Plaintiff Oliver Complot received each communication and was severely damaged by them because Oliver Complot receives all mail. After Oliver received the mail Corina bore witness to the false information and was also severely distressed.

"An attempt by Defendants to collect a debt that had already been paid off or settled is a violation of the Fair Debt Collection Practices Act. See 15 U.S.C. § 1692e(2) (a debt collector may not misrepresent "the character, amount, or legal status of any debt"). Gwinn v. Safeguard Recovery LLC No. CV14-1923 PHX DGC (D. Ariz. Jun. 15, 2015)"

"Although the Ninth Circuit has not addressed the issue, other circuits have held that the communication need not be directed at the debtor in order to be actionable because the FDCPA "do[es] not designate any class of persons . . . who can be abused, misled, etc., by debt collectors with impunity." Evory v. RJM Acquisitions Funding LLC, 505 F3d 769, 773 (7th Cir 2007); cf Guerrero, 499 F3d at 935-36. Daley v. a S Collection Associates, Inc. 717 F. Supp. 2d 1150 (D. Or. 2010)"

"The FDCPA defines communication broadly as "the conveying of information regarding a debt directly or indirectly to any person through any medium." Garvey v. Seterus, Inc. CASE NO. 5:16-cv-00209-RLV (W.D.N.C. Jun. 23, 2017)"

PAGE 42 OF 72

"In fact, the statute imposes liability on a debt collector who communicates false credit information to **"any person,"** including credit reporting agencies. Samano v. LVNV Funding, LLC 1:21-cv-01692-SKO (E.D. Cal. Apr. 18, 2022)."

31. Credit collection violated **1692 d, 1692 e, 1692 e(2), 1692 e(5), 1692 e(7), 1692 e(8), 1692 e(10), 1692 f, 1692 f(1), 1692 g, 1692 g(b), 1692 j, 1692 c(a)(1)**

## FDCPA – THE MOORE LAW GROUP – CORINA & OLIVER – CITI ACCOUNT

32. The Moore law group is a debt collection agency as defined in FDCPA attempted to collect alleged personal consumer debts.

33. Moore Law group sent a collection letter when the account was legally settled per the accord and satisfactions accepted by CITI

34. Plaintiff Oliver Complot received the communication and was severely distressed by the false communication.

35. Plaintiffs sent MOORE LAW an offer of settlement with clear and unambiguous terms. Moore cashed the check. Moreover, the settlement offer contained a cease communication and Moore Law continued communicating with plaintiffs one more time. Plaintiff Oliver Complot received the subsequent communication and was severely damaged by it because Oliver Complot receives all mail. After Oliver received the mail Corina bore witness to the false information and was also severely distressed.

35.5. On Jan 30, 2025, a day after the complaint was filed MOORE LAW sent another communication to plaintiffs.

35.6. MOORE LAW delivered about 30 pages of documents and each document caused severe distress because MOORE LAW deliberately ignored the cease communication directive.

35.7. The above demonstrates systemic unreasonable procedures and warrant punitive damages.

36. Moore Law group violated **1692 d, 1692 e, 1692 e(2), 1692 e(5), 1692 e(7), 1692 e(8), 1692 e(10), 1692 f, 1692 f(1), 1692 g, 1692 g(b), 1692 j, 1692 c(a)(1)**

## ALTERNATIVE PLEADING – FOR THE ABOVE CITI ACCOUNT

## ALTERNATIVE PLEADING -  NEGLIGENCE PER SE, NEGLIGENT MISREPRESENTATION – CITI -FCRA

37. The above paragraphs are re alleged as fully set forth herein

38. The defendant CITI had a duty under the consumer protection laws and its own voluntary contract and instead used unfair, deceptive, and misleading representations concerning the reporting and collection of the alleged account in the furtherance of their business.

39. The negligence was reasonably foreseeable and would be relied upon because the representations are material. The defendant failed at communicating that information (FCRA). The plaintiff relied on the representations to chart a course of action as a least sophisticated consumer against debt collectors and was justified in relying on material representations. The representations caused confusion, despair, and willfully humiliated the Plaintiff as alleged throughout.

40. As alleged above Plaintiff relies on accurate records that reflect the alleged account to cross examine strange entities like the defendant CREDIT CONTROL who may forge documents. Plaintiff relies on accurate data for credit opportunities and or inaccurate data to be deleted per the FCRA statute.

41. The defendant made these representations and knew they would do such because they believe themselves to be above the law as shown by the willful, egregious, and reckless, malicious reporting/investigation procedures. The Plaintiff herein is specially damaged by the

negligence of the defendant. The Plaintiff suffered time loss pursuing relief, Hedonic Damages, Loss of Consortium, marital instability, humiliation from loss of borrowing capacity/potential while the alleged debt based on intentional misstatements/misrepresentations remain on Plaintiff consumer reports defaming Plaintiff. Further, the defendants violated a statute meant for the protection of the public.

42. Therefore, both Plaintiffs are jointly damaged as alleged throughout and demands judgment for damages against defendant CITI for actual, punitive, special, consequential, compensatory, damages in an amount determined at trial, or by the court.

"However, the FCRA expressly preempts claims for defamation, invasion of privacy, and negligence based on the reporting of credit information **unless** the plaintiff alleges and proves malice or willful intent to injure" him. See 15 U.S.C. § 1681h(e); Gorman v. Wolpoff Abramson, LLP, 584 F.3d 1147, 1168 (9th Cir. 2009). Morris v. Bank of America Case No: C 09-2849 SBA, Docket 18 (N.D. Cal. Mar. 2, 2010)"

### INTENTIONAL INFLICTOIN OF EMOTIONAL DISTRESS FCRA – CITI, FDCPA – CLIENT, MOORE LAW

43. The above paragraphs are re alleged as fully set forth herein

44. The FCRA defendant willfully reported fictitious, logically inconsistent, and materially misleading information on CORINA TOLAMAA consumer reports. The information reported could not be considered reasonable by any rational man or woman as such information was willfully egregious even under the FCRA standard. The FDCPA defendant CLIENT and MOORE LAW willfully failed to inquire about the representations made to plaintiff in their attempts to collect and intentionally caused mental/physical distress by continuing communication after a refusal to pay.

45. The defendants intended on and or recklessly disregarded the near certainty that distress will result from their conduct. The defendants are obligated to abide by Federal FDCPA & FCRA law and STILL disregarded the distress that will result in from their conduct. The acts by the

PAGE **45** OF **72**

defendants are so far out of the realm of reasonable it could only be considered an intentional act to inflict distress on Plaintiffs because the account was legally discharged.

46. Plaintiffs indeed suffered severe physical and emotional distress as alleged throughout the complaint. Plaintiff also suffered marital distress by proximity. Plaintiffs have pre-existing conditions making the stress severe.

47. Therefore, both Plaintiffs are damaged as alleged throughout and demands judgment for damages against defendants **CITI, CLIENT, MOORE LAW** for actual, punitive, special, consequential, compensatory, damages in an amount determined at trial, or by the court.

## INVASION OF PRIVACY- FALSE LIGHT- INTRUSION UPON SECLUSION- CITI, CREDIT CONTROL, MOORE LAW – CITI ACCOUNT

48. The above paragraphs are re alleged as fully set forth herein

49. The FCRA defendant willfully reported fictitious, logically inconsistent, and materially misleading information on Plaintiffs consumer reports. The information reported could not be considered reasonable by any rational man or woman. The information reported is clearly based on arbitrary records created by CITI.

50. The FCRA defendant should have deleted the conflicting information that could not be verified as required by the FCRA and deleted and or reported settled per the accord. Instead, the FCRA defendant decided to continue reporting conflicting information without regard to how it will affect the Plaintiff.

51. The publication are a major misrepresentation of the Plaintiff's character, history, and other credit factors because the account was settled by the accord.

52. As for Credit Control and Moore law, they had no rights to communicate with the plaintiffs because the debt was settled and because the plaintiffs notified them with a refusal to pay.

53. Therefore, both Plaintiffs are damaged as alleged throughout and demands judgment for damages against defendant **CITI** , CREDIT CONTROL, MOORE LAW for actual, punitive, special, consequential, compensatory, damages in an amount determined at trial, or by the court.

**NEGLIGENCE :RESPONDEAT SUPERIOR –CITI , CREDIT CONTROL, MOORE LAW**

54. The above paragraphs are re alleged as fully set forth herein

55. CITI, CREDIT CONTROL, MOORE LAW allowed their employees acting within the scope and course of employment to negligently and intentionally prepare, report, and communicate false, fictitious, misleading, and logically inconsistent information.

56. The defendants negligently, wantonly, and intentionally hired, trained, retained, or supervised incompetent agents, who were allowed, or encouraged to violate the law as was done to Plaintiffs. The defendants are therefore responsible and liable to Plaintiffs for the wrongs committed against him, and the substantial damages suffered by Plaintiff as alleged throughout. The defendants intentionally allowed their agents to act negligently in the furtherance of their business and to deceive Plaintiff.

57. Therefore, both Plaintiffs are damaged as alleged throughout and demands judgment for damages against defendants for actual, punitive, special, consequential, compensatory, damages in an amount determined at trial, or by the court.

**ARIZONA CONSUMER FRAUD CITI, CREDIT CONTROL, MOORE LAW**

58. The above paragraphs are re alleged as fully set forth herein

59. Because an accord and satisfaction was executed the previous purported contract of CITI was extinguished because an accord and satisfaction operates under contract law.

PAGE 47 OF 72

60. Because reporting to CRA's is construed as collection activity CITI was falsely and intentionally advertising to the Plaintiffs to enter an alleged obligation within the meaning of the ACFA statute by and through the CRA reporting and debt collectors.

61. The ACFA construes money as merchandise and the continued collection attempts were to induce contracting in furtherance of an extinguished obligation.

62. Plaintiffs relied on CITI, CREDIT CONTROL, and MOORE to act according to the accord and cease its collection activities. The plaintiffs executed two accords with CITI, one with a party not in this lawsuit, and one more with MOORE LAW. MOORE continued communication after they personally cashed an accord with clear and unambiguous terms.

63. Plaintiffs are severely damaged from CITI's misleading and oppressive conduct as alleged throughout this complaint.

64. CREDIT CONTROL and MOORE LAW continued advertising on behalf of CITI with each debt collection communication.

65. Therefore, Plaintiffs are damaged as alleged throughout and demands judgment for damages against defendant for actual, punitive, special, consequential, compensatory, damages in an amount determined at trial, or by the court.

## AZ STATE CIVIL RICO – CITI, CLIENT, CREDIT COLLECT

66. The above paragraphs are re-alleged

67. CITI had a duty under, Contract (accord and satisfaction), ACFA, and ARS 13-2310 to not mislead, misrepresent, omit, or otherwise violate the respective statutes and rob consumers of honest services.

68. CITI is a part of an enterprise and association in fact working to collect fabricated debt along with the other defendants by way of asserting false claims. Further, CITI committed predicated acts within the meaning of the AZ RICO statutes.

69. CITI and the other defendants engaged in a pattern of unlawful activities such as a scheme to defraud and mail/wire fraud, which consisted of the allegations above (seeking payment on discharged debt, hiring multiple agents to collect), for the purpose of financial gain as alleged throughout the complaint.

70. These unlawful predicate acts are under A.R.S. § 13-2301(D)(4) Section 13-2301 – Definitions **(D.) (4.) "Racketeering" means any act, including any preparatory or completed offense, that is chargeable or indictable under the laws of the state or country in which the act occurred. (b) Any of the following acts if committed for financial gain: (iv) Forgery. (xv) Asserting false claims, including false claims asserted through fraud or arson. (xx) A scheme or artifice to defraud. (xxvi) Money laundering.**

71. The PLAINTIFFS are physically damaged by the defendants as alleged throughout and would not have been damaged if they did not act as alleged throughout. The defendants are therefore responsible and liable to PLAINTIFFS for the wrongs committed and the substantial damages suffered as alleged throughout.

72. Therefore, the PLAINTIFFS are damaged as alleged throughout and demands judgment for damages against CITI, CREDIT CONTROL, MOORE LAW for actual, punitive, consequential, treble, special, compensatory, pecuniary and or non-pecuniary damages in an amount determined at trial, or by the court.

### NEGLIGENCE PER SE – FDCPA - CREDIT COLLECTION, MOORE LAW

73. above re alleged

74. CREDIT CONTROL and MOORE LAW violated a statute created for the public which is a negligence per se.

75. Credit and Moore did this in furtherance of their business as abusive debt collectors who disregard consumer protection laws.

PAGE **49** OF **72**

76. The negligence was reasonably foreseeable. The defendants failed at communicating that information (FDCPA). It was relied upon to chart a course of action as a least sophisticated consumer and was justified in relying on material representations. The representations caused confusion, despair, and willfully humiliated as alleged throughout.

77. Therefore, both Plaintiffs are damaged as alleged throughout and demands judgment for damages against CREDIT CONTROL and MOORE LAW for actual, punitive, special, consequential, compensatory, damages in an amount determined at trial, or by the court.

### PRAYER FOR RELIEF – CITI ACCOUNT

Relief for all the damages alleged herein and any other relief the court deems proper and costs.

CITI - minimum $300,000 for compensation

CREDIT COLLECTION - minimum $15,000 for compensation

MOORE LAW - minimum $15,000 for compensation

Punitive Damages

### FACTUAL BACKGROUND – US BANK ACCOUNT – OLIVER

78. Plaintiff began the dispute process with EXPERIAN who in turn notified USB to investigate inaccurate and incomplete information for the alleged card **431503XXXXXXXXXX** account. The dispute process began on or around Nov 6, 2023, Report Number 1429-2605-93 with Experian and in this report, USB updated to Experian inaccurate information.

79. Around Jan 19, 2023, another dispute with Experian was mailed and Experian failed to notify the furnisher in five days. Around Jan 19, 2024, a dispute was also mailed to EQUIFAX for the accounts, Confirmation number: 4027561148. Around February 2024 plaintiff re-mailed the disputes to EXPERIAN and the results never came back in the mail. Experian failed to notify the furnisher USB in five days **again**.

80. Around June 2024, a third dispute letter was mailed to EXPERIAN for the accounts, Report Number 3242-0911-35. A second dispute with EQUIFAX in June 2024, Confirmation number: 4173597793. A first dispute with TRANSUNION in June 2024

**FACTUAL BACKGROUND - THE EXPERIAN REPORT – US BANK - OLIVER**

81. The above paragraphs are re alleged as fully set forth herein

82. **DEC 2023 RESULTS**

Plaintiff notified Experian and Experian notified the furnisher to investigate the account.

A. Purports the first 30-day late in JULY 2023. However, the previous history section "BEFORE YOUR DISPUTE", purports that no payment was made in JUNE 2023. Which would make the purported first 30-day late in JUNE 2023. This misleads all subsequent reports because the misleading information is never corrected. 1 item.

B. the previous history section "BEFORE YOUR DISPUTE", purports that no payment was made in JUNE 2023 while also purporting payment made in JUNE 2023. These representations are directly contradictory and therefore inaccurate and misleading. Moreover, *the payment would not be enough to stop a delinquency rating so June would still not be current.* This makes June to December inaccurate. 6 items

C. Each item in the balance history that purports $0 paid is an inaccuracy that directly contradicts the purported payment history. Specifically, the balance history purports no payment in MAY 2023 yet payment history purports current.

D. The report fails to include a Date of first delinquency date or removal within 90 days of purported delinquency information. The removal date is required to be calculated from the date of the first 30-day late in the series. 1 item.

"According to Experian, "that the 'account is scheduled to continue on record until Jul 2023' would make it apparent to a party viewing this account that National Credit Adjusters reported to Experian a date of first delinquency for Plaintiff's Speedy Cash debt a maximum of seven years prior to July 2023." Doc. 35 at PAGEID 199. Bowles v. TransUnion, LLC, 2:23-cv-717 (S.D. Ohio Jun. 27, 2024)"

PAGE **51** OF **72**

E.  Status updated 11/2023 and balance updated 11/2023 for a DEC 2023 investigation. Perhaps no investigation was done at all, yet USB updated the report which is an unreasonable investigation. 1 item.

F.  scheduled payments on a purported closed account. No closed date

G.  Because of the direct contradiction in the Balance Histories on JUNE 2023 regarding payment or not payment, the items of information in the Payment History from JUNE 2023 to OCT 2023 are inaccurate and open to misleading and contradictory interpretations.

7/14/24, 3:21 PM

Experian

**experian.**

Prepared For

**OLIVER COMPLOT**

**Personal & Confidential**

Date Generated   Dec 6, 2023

Report Number   1429-2605-93

## About Dispute Results

Our reinvestigation of the dispute you recently submitted is now complete. If we were able to make changes to your credit report based on information you provided, we have done so. Otherwise we have contacted the company reporting the information you disputed, supplied them all relevant information and any documents you gave us with your dispute, and instructed them to: review all information we provide them about your dispute; verify the accuracy of the information; provide us a response to your dispute; and update their records and systems as necessary.

If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the requested status at the time of our reinvestigation.

## Here are your results

### BMO HARRIS BANK NA

Account • 561123XXXX

**Deleted**

This item was removed from your credit report. Please review your report for the details.

You can contact BMO HARRIS BANK NA at PO BOX 94034, PALATINE , IL 60094 or (888) 340-2265

 **After your dispute**

This item was removed from your Credit Report.

 **Before your dispute**

#### Account Info

| Account Name | BMO HARRIS BANK NA | Balance | $25,900 |
|---|---|---|---|
| Account Number | 561123XXXX | Balance Updated | 07/31/2023 |
| Account Type | Unsecured | Recent Payment | - |
| Responsibility | Individual | Monthly Payment | $653 |
| Date Opened | 02/16/2023 | Original Balance | $25,000 |

https://usa.experian.com/mfe/regulatory/dispute-center/printable-cdf/RTE0000224210003300000091681206202322505300001 2854

1/93

PAGE **53** OF **72**

7/14/24, 3:21 PM

Experian

Aug 2023 to Oct 2023, Jun 2023

**Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act).**

Jul 2023

## US BANK

(↑) Updated

Account • 403784XXXXXXXXXX

Information on this item has been updated. Please review your report for the details.

You can contact US BANK at PO BOX 108, SAINT LOUIS , MO 63166 or (866) 234-4750

(↑) **After your dispute**

### Account Info

| | | | |
|---|---|---|---|
| Account Name | US BANK | Balance | $2,126 |
| Account Number | 403784XXXXXXXXXX | Balance Updated | 11/30/2023 |
| Account Type | Credit Card | Recent Payment | - |
| Responsibility | Individual | Monthly Payment | $120 |
| Date Opened | 01/23/2023 | Original Balance | $2,000 |
| Status | Closed. $457 past due as of Nov 2023. | Highest Balance | $2,126 |
| Status Updated | 11/2023 | Terms | - |

### Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | – | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | 60 | 90 | 120 | 150 | – |

| | | | |
|---|---|---|---|
| ✓ | Current / Terms met | 30 | Past due 30 days |
| 60 | Past due 60 days | 90 | Past due 90 days |
| 120 | Past due 120 days | 150 | Past due 150 days |

**Payment history guide**

150 days past due as of Nov 2023

120 days past due as of Oct 2023

90 days past due as of Sep 2023

60 days past due as of Aug 2023

30 days past due as of Jul 2023

https://usa.experian.com/mfe/regulatory/dispute-center/printable-cdf/RTE0000224210003300000091681206202322505300012854

20/93

PAGE **54** OF **72**



7/14/24, 3:21 PM                                                    Experian

### Contact Info

Address                    PO BOX 108,
                           SAINT LOUIS MO 63166

### Comment

**Current:**

Account closed at credit grantor's request.

**Previous:**

Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act).

Oct 2023

### Reinvestigation Info

This item was updated from our processing of your dispute in Nov 2023.

### Before your dispute

### Account Info

| | | | |
|---|---|---|---|
| Account Name | US BANK | Balance | $2,047 |
| Account Number | 403784XXXXXXXXXX | Balance Updated | 10/31/2023 |
| Account Type | Credit Card | Recent Payment | - |
| Responsibility | Individual | Monthly Payment | $120 |
| Date Opened | 01/23/2023 | Original Balance | $2,000 |
| Status | Closed. $340 past due as of Oct 2023. | Highest Balance | $2,047 |
| | | Terms | - |
| Status Updated | 10/2023 | | |

### Payment History

| | J | F | M | A | M | J | J | A | S | O | N | D |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | — | ✓ | ✓ | ✓ | ✓ | ✓ | 30 | 60 | 90 | 120 | — | — |

| | | | |
|---|---|---|---|
| ✓ | Current / Terms met | 30 | Past due 30 days |
| 60 | Past due 60 days | 90 | Past due 90 days |

https://usa.experian.com/mfe/regulatory/dispute-center/printable-cdf/RTE00002242100033000000916812062023225053000012854                              21/93

PAGE **55** OF **72**

7/14/24, 3:21 PM                                                              Experian

**120**  Past due 120 days

**Payment history guide**

120 days past due as of Oct 2023

90 days past due as of Sep 2023

60 days past due as of Aug 2023

30 days past due as of Jul 2023

**Balance Histories**

| Date | Balance | Scheduled Payment | Paid |
|------|---------|-------------------|------|
| Sep 2023 | $1,968 | $117 | $0 on 6/20/2023 |
| Aug 2023 | $1,891 | $116 | $0 on 6/20/2023 |
| Jul 2023 | $1,816 | $117 | $0 on 6/20/2023 |
| Jun 2023 | $1,739 | $97 | $30 on 6/20/2023 |
| May 2023 | $1,345 | $40 | $0 |
| Apr 2023 | $0 | $0 | $0 |
| Mar 2023 | $0 | $0 | $0 |
| Feb 2023 | $0 | $0 | $0 |
| Jan 2023 | $0 | $0 | $0 |

**Additional info**

Between Jan 2023 and Sep 2023, your credit limit/high balance was $2,000

**Contact Info**

Address          PO BOX 108,
                 SAINT LOUIS MO 63166

**Comment**

**Current:**

Account information disputed by consumer (Meets requirement of
the Fair Credit Reporting Act).

**Previous:**

None

https://usa.experian.com/mfe/regulatory/dispute-center/printable-cdf/RTE000022421000330000009168120620232225053000012854                    22/93

PAGE **56** OF **72**

83. **JULY 2024 RESULTS**

Plaintiff notified Experian and Experian notified the furnisher. **EXHIBIT** . US BANK certified to Experian the information reported is inaccurate and did not change anything. However, this report continues with inaccuracies.

A.  The removal date is purported to be MARCH 2030 with a purported first delinquency (DOFD) of JULY 2023. The removal date is required to be calculated from the date of the first 30-day late in the series. Meaning the removal date and the first 30-day late must match. 2 items.

"According to Experian, "that the 'account is scheduled to continue on record until Jul 2023' would make it apparent to a party viewing this account that National Credit Adjusters reported to Experian a date of first delinquency for Plaintiff's Speedy Cash debt a maximum of seven years prior to July 2023." Doc. 35 at PAGEID 199. Bowles v. TransUnion, LLC, 2:23-cv-717 (S.D. Ohio Jun. 27, 2024)"

B.  The first 30-day late inaccuracy from the first report was never corrected—Paragraph 82 subsection A. Therefore, this report is also inaccurate and misleading as to the purported first 30-day late and, subsequently, the DOFD.

C.  a purported charge-off of $1711 yet a purported past due and balance of $2065. A charge-off at $1711 would close the account to any further charges past $1711. Therefore, these items are inaccurate, misleading, and adversely affecting plaintiff. 3 items.

D.  Status updated JAN 2024 and Balance updated JUNE 2024, yet the report is for JULY 2024. Perhaps no investigation has been done yet, the information was certified. Which is an unreasonable investigation and the whole report inaccurate and misleading.

E.  EXPERIAN did not mail the July 2024 results.

F.  no date closed

G.  inaccurate status based off the JAN and JUNE 2024 accord and satisfaction. **EXHIBIT**

PAGE **57** OF **72**

84. USB violated § 1681s–2. Responsibilities of furnishers of information to consumer reporting agencies, (A)Reporting information with actual knowledge of errors, (2)Duty to correct and update information, (4)Duty to provide notice of closed accounts, (5)Duty to provide notice of delinquency of accounts (which shall be the **month** and **year** of the **commencement** of the delinquency on the account), (b)Duties of furnishers of information upon notice of dispute. Failed to delete the unverifiable and inaccurate account, And an unreasonable, malicious investigation.

## FACTUAL BACKGROUND - THE EQUIFAX REPORT – USB – OLIVER

85. **FEB 2024  RESULTS – VERIFIED**

Plaintiff notified Equifax and Equifax notified the furnisher to investigate the account **EXHIBIT.**

A. EQ verified inaccurate information

B. A date of last payment (06/2023) with no actual payment amount. 1 item.

C. The date of last payment is inaccurate because the last payment was in JAN 2024. **EXHIBIT.** 1 item.

D. The balance is inaccurate because it does not reflect the $100 payment in JAN 2024. **EXHIBIT.** 1 item.

E. A DOFD of 07/2023 however this contradicts the information in the Historical Account Information. The historical information for 07/2023 purports a date of last payment of 06/2023. This could have justified a DOFD of 07/2023, but that history and the previous history is blank. Further, the balance from 05/2023 is increasing which indicates a missed payment and would make the DOFD 05/2023 or 06/2023. Finally, above the status code it states "150 Days Past Due"; however, the status codes only purport to go to 120 days indicated by the "4". A purported "5" should be reported. 1 item

F. Because of the above each item in the Account History with status codes is inaccurate or misleading. 4 items.

G. The report shows scheduled payments while the account is open and closed. The alleged date closed is 09/2023 while the account is still reporting late statuses and scheduled payments as if still open and not charged off etc.

86. **JULY 2024 RESULTS**

Plaintiff notified Equifax and Equifax notified the furnisher. **EXHIBIT.** US BANK verified to Equifax the information reported is accurate. However, this report continues with inaccuracies from para 85.

A. A date of last payment 01/2024 but no actual payment amount **EXHIBIT.** 1 item.

B. The JULY 2024 Balance ($2,065), amount past due ($2,065), and charge-off ($1,711) all contradict one another because a charge-off closes the account to any further charges. A charge-off lower than the balance is a contradiction making both items inaccurate. Further, the FEB 2024 report purports a balance of "$2,126". The APRIL 2024 report purports the previous FEB 2024 balance as "$2,065". The balance for FEB 2024 is a contradiction between all three reports and is never corrected. The FEB 2024 report never incorporates the $100 payment and even if it did, it is still inaccurate because $2,126 - $100 = $2,026 not $2,065. Moreover, the JULY report shows the account purportedly charged-off in FEB 2024 but the FEB 2024 report does not reflect a charge-off anywhere in the report. This makes both reports totally inaccurate and contradictory. Therefore, each balance, charge-off amount, and status code item is inaccurate and the account should have been deleted for non-verification. 10 items.

C. no date closed. 1 item.

D. inaccurate status based off the JAN and JUNE 2024 accord and satisfaction. **EXHIBIT.**

PAGE **59** OF **72**

87. USB violated § 1681s–2. Responsibilities of furnishers of information to consumer reporting agencies, (A)Reporting information with actual knowledge of errors, (2)Duty to correct and update information, (4)Duty to provide notice of closed accounts,  (b)Duties of furnishers of information upon notice of dispute. Failure to delete an unverifiable account. Willfully unreasonable investigation.

## FACTUAL BACKGROUND – TRANSUNION REPORT- USB – OLIVER

88. **JULY 2024  RESULTS – VERIFIED**

Plaintiff notified TRANSUNION and TU notified the furnisher to investigate the account **EXHIBIT.**

A.   A date of last payment 01/2024 but no actual payment amount **EXHIBIT**. 1 item.

B.   A removal date of 06/2030 contradicts the first 30-day late 07/2023. 1 item.

C.   Extrinsic facts from EQ report indicate the TU pay ratings are inaccurate. **Cross reference Para 85 subsection E of EQ:** DOFD of 07/2023 however this contradicts the information in the Historical Account Information. The historical information for 07/2023 purports a date of last payment of 06/2023. This could have justified a DOFD of 07/2023 but that history and the previous history is blank. Further, the balance from 05/2023 is increasing which indicates a missed payment and would make the DOFD 05/2023 or 06/2023. Finally, above the status code it states "150 Days Past Due"; however, the status codes only purport to go to 120 days indicated by the "4". A purported "5" should be reported. 1 item

D.   The JULY 2024 Balance ($2,065), amount past due ($2,065), and charge-off ($1,711) all contradict one another because a charge-off closes the account to any further charges. A charge-off lower than the balance is a contradiction making both items inaccurate. 3 items.

PAGE **60** OF **72**

89. USB violated § 1681s–2. Responsibilities of furnishers of information to consumer reporting agencies, (A)Reporting information with actual knowledge of errors, (2)Duty to correct and update information, (4)Duty to provide notice of closed accounts, (5)Duty to provide notice of delinquency of accounts (which shall be the month and year of the commencement of the delinquency on the account), (b)Duties of furnishers of information upon notice of dispute. Failure to delete an account with unverified information. Willful Unreasonable investigation.

90. Plaintiffs are damaged because the inaccurate reporting, which should've been deleted because it cannot be verified, is negatively impacting Plaintiff's credit rating and every other metric that determines Plaintiffs credit worthiness. Plaintiffs are damaged because Plaintiffs cannot access other opportunities for credit while this conflicting reporting that cannot be verified remains on Plaintiff's reports and obscures the debt ratio. Plaintiffs sought credit for mortgage housing and could not continue the process due to this reporting. Plaintiffs also require credit for medical care for several debilitating conditions. Plaintiffs are further damaged and humiliated because Plaintiffs as spouses cannot be effective cosigners while the conflicting/inaccurate information is being reported on the others report and damages the marital community. Like when debt collectors attempt litigation for one person's account against the marital community, both spouses suffer. Plaintiffs are damaged by the strain on the marital relationship. Plaintiffs are damaged by the loss of consortium and hedonic damages, sleeplessness, nervousness by the constant and looming inaccurate information. Plaintiffs are continuously haunted by this information that should have been deleted by lack of verification. Plaintiffs must research a lot to make claims, while taking care of other responsibilities like school and work, and that enormous time spent away from family and are expecting a child. Plaintiffs are consumers and naturally in a disadvantaged position against billion-dollar entities. These entities have a grave duty as stated by Congress when drafting the FCRA. The stress of these inaccuracies has been ongoing for many many months when they should have been deleted due to non-verification. The defendants are incentivized to keep reporting regardless of inaccuracies because they are paid by subscribers and subscribers

87. USB violated § 1681s–2. Responsibilities of furnishers of information to consumer reporting agencies, (A)Reporting information with actual knowledge of errors, (2)Duty to correct and update information, (4)Duty to provide notice of closed accounts, (b)Duties of furnishers of information upon notice of dispute. Failure to delete an unverifiable account. Willfully unreasonable investigation.

## FACTUAL BACKGROUND – TRANSUNION REPORT- USB – OLIVER

88. **JULY 2024  RESULTS – VERIFIED**

Plaintiff notified TRANSUNION and TU notified the furnisher to investigate the account **EXHIBIT.**

A.   A date of last payment 01/2024 but no actual payment amount **EXHIBIT.** 1 item.

B.   A removal date of 06/2030 contradicts the first 30-day late 07/2023. 1 item.

C.   Extrinsic facts from EQ report indicate the TU pay ratings are inaccurate. **Cross reference Para 85 subsection E of EQ:** DOFD of 07/2023 however this contradicts the information in the Historical Account Information. The historical information for 07/2023 purports a date of last payment of 06/2023. This could have justified a DOFD of 07/2023 but that history and the previous history is blank. Further, the balance from 05/2023 is increasing which indicates a missed payment and would make the DOFD 05/2023 or 06/2023. Finally, above the status code it states "150 Days Past Due"; however, the status codes only purport to go to 120 days indicated by the "4". A purported "5" should be reported. 1 item

D.   The JULY 2024 Balance ($2,065), amount past due ($2,065), and charge-off ($1,711) all contradict one another because a charge-off closes the account to any further charges. A charge-off lower than the balance is a contradiction making both items inaccurate. 3 items.

89. USB violated § 1681s–2. Responsibilities of furnishers of information to consumer reporting agencies, (A)Reporting information with actual knowledge of errors, (2)Duty to correct and update information, (4)Duty to provide notice of closed accounts, (5)Duty to provide notice of delinquency of accounts (which shall be the month and year of the commencement of the delinquency on the account), (b)Duties of furnishers of information upon notice of dispute. Failure to delete an account with unverified information. Willful Unreasonable investigation.

90. Plaintiffs are damaged because the inaccurate reporting, which should've been deleted because it cannot be verified, is negatively impacting Plaintiff's credit rating and every other metric that determines Plaintiffs credit worthiness. Plaintiffs are damaged because Plaintiffs cannot access other opportunities for credit while this conflicting reporting that cannot be verified remains on Plaintiff's reports and obscures the debt ratio. Plaintiffs sought credit for mortgage housing and could not continue the process due to this reporting. Plaintiffs also require credit for medical care for several debilitating conditions. Plaintiffs are further damaged and humiliated because Plaintiffs as spouses cannot be effective cosigners while the conflicting/inaccurate information is being reported on the others report and damages the marital community. Like when debt collectors attempt litigation for one person's account against the marital community, both spouses suffer. Plaintiffs are damaged by the strain on the marital relationship. Plaintiffs are damaged by the loss of consortium and hedonic damages, sleeplessness, nervousness by the constant and looming inaccurate information. Plaintiffs are continuously haunted by this information that should have been deleted by lack of verification. Plaintiffs must research a lot to make claims, while taking care of other responsibilities like school and work, and that enormous time spent away from family and are expecting a child. Plaintiffs are consumers and naturally in a disadvantaged position against billion-dollar entities. These entities have a grave duty as stated by Congress when drafting the FCRA. The stress of these inaccuracies has been ongoing for many many months when they should have been deleted due to non-verification. The defendants are incentivized to keep reporting regardless of inaccuracies because they are paid by subscribers and subscribers

PAGE **61** OF **72**

are incentivized to keep reporting regardless of inaccuracies because they seek to wrench payment from alleged debtors. Many of the representations contained in these reports are open to interpretation that is directly contradictory to the true information. Each failure is an inaccuracy. Plaintiffs will provide the trial court with redacted evidence to corroborate the emotional/physical damages based on pre-existing conditions (Doctors reports, images of skin degradation from stress, etc) **EXHIBIT**

## ALTERNATIVE PLEADING - NEGLIGENCE PER SE, NEGLIGENT MISREPRESENTATION – USB – FCRA – OLIVER

91. The above paragraphs are re alleged as fully set forth herein

92. USB had a duty under the consumer protection laws and its own voluntary contract and instead used unfair, deceptive, misleading, and willfully malicious representations concerning the reporting and collection of the alleged account in the furtherance of their business.

93. The negligence was reasonably foreseeable and would be relied upon because the representations are material. USB failed at communicating that information. The plaintiff relied on the representations to chart a course of action as a least sophisticated consumer and was justified in relying on material representations. The representations caused confusion, despair, and willfully humiliated the Plaintiff as alleged throughout.

94. As alleged above Plaintiff relies on accurate records that reflect the alleged account to cross examine strange entities like abusive debt collectors who may forge documents. Plaintiff relies on accurate data for credit opportunities and or inaccurate data to be deleted per the FCRA statute.

95. The wrongdoers made these representations and knew they would do such because they believe themselves to be above the law as shown by the willful, egregious, and reckless reporting/investigation procedures. The Plaintiff herein is specially damaged by the negligence of the wrongdoers. The Plaintiff suffered time loss pursuing relief, Hedonic

PAGE **62** OF **72**

Damages, Loss of Consortium, marital instability, humiliation from loss of borrowing capacity/potential while the alleged debt based on intentional misstatements/misrepresentations remain on Plaintiff consumer reports defaming Plaintiff.

96. Therefore, Plaintiff is damaged as alleged throughout and demands judgment for damages against USB for actual, punitive, special, consequential, compensatory, damages in an amount determined at trial, or by the court.

## FACTUAL BACKGROUND USB DEBT COLLECTORS – LVNV, RESURGENT, CREDIT CONTROL - OLIVER & CORINA

97. Around OCTOBER 29, 2024, plaintiff Oliver received a communication from USB purporting to be a transfer/assignment.

98. The transfer document purported that the new owner is "RESURGENT ACQUISITIONS, LLC c/o RESURGENT CAPITAL SERVICES, LP"

99. On NOV 1, 2024, plaintiff received an email debt communication from Resurgent regarding the debt. The communication falsely and or misleadingly stated that the current owner is "LVNV FUNDING LLC". This is misleading to least sophisticated consumers because the name is completely different then the transfer document and has no similarities that could infer the two owners are from the same enterprise.

"See Zapp v. Trott & Trott, P.C., No. 13-12998, 2013 WL 6631670, at *2 (E.D. Mich. Dec. 17, 2013) (finding an FDCPA violation where a collection letter stated that the creditor was a creditor or the loan servicer of the creditor)"

"The Ninth Circuit has held that the false identification of the original creditor is misleading under section 1692e. See Tourgeman v. Collins Fin. Servs., Inc., 755 F.3d 1109, 1121 (9th Cir. 2014)"

PAGE 63 OF 72

100. The false communication stated plaintiff owed a debt when plaintiff and USB had already executed an accord and satisfaction around JAN 2024 and JUNE 2024. USB cashed a check intended for full settlement in response to a bonafide dispute regarding the fair credit billing act among other things.

101. Plaintiff replied to the email communication with a refusal to pay and Resurgent emailed again.

102. Following the second communication plaintiff sent Resurgent an offer of settlement intended as full satisfaction and a waiver of all purported agreements giving liability to plaintiff. Moreover, the offer of settlement contained a cease communication.

103. Resurgent sent another communication. Moreover, Resurgent's websites and databases continued to mislead the character, amount, and legal status of the purported debt after cashing the accord instrument.

103.5. On 2/12/25 Plaintiff checked his credit reports and discovered LVNV reporting misleading information because the account was settled directly with them.

103.6. Instead of reporting settled or paid less than LVNV continued to report a balance and amount owed.

103.7. LVNV violated FDCPA by communicating misleading information to third parties.

104. Following the events above, CREDIT CONTROL communicated the same debt to plaintiff once more. The communication was severely stressful as plaintiff believed the account settled from Resurgent.

105. Plaintiff sent an offer of settlement to CREDIT CONTROL in the same manner as Resurgent. CREDIT CONTROL cashed the instrument. CREDIT misled the character, amount, and legal status of the purported debt with its initial communication. Moreover, the offer of settlement contained a cease communication.

106. CREDIT CONTROL sent another communication. Moreover, CREDIT CONTROL's websites and databases continued to mislead the character, amount, and legal status of the purported debt after cashing the accord instrument.

PAGE **64** OF **72**

107. According to the court order in Case 1:21-cv-04815-MLB; David Sanchez, v. LVNV Funding, LLC, The court found: "The Magistrate Judge concluded: (1) Defendant is a debt collector because Defendant and Resurgent operate as one entity to recover debts owned by Defendant;"

108. Based on the above judicially noticed fact, LVNV is directly responsible for all the false, misleading, and abusive debt collection tactics utilized by the US BANK debt collectors.

109. Plaintiffs Oliver and Corina bore witness to all the false and misleading communications.

110. The USB debt collectors **LVNV, RESURGENT, CREDIT CONTROL** violated **1692 d, 1692 e, 1692 e(2), 1692 e(5), 1692 e(7), 1692 e(8), 1692 e(10), 1692 f, 1692 f(1), 1692 g, 1692 g(b), 1692 j, 1692 c(a)(1)**

## INTENTIONAL INFLICTOIN OF EMOTIONAL DISTRESS
## FDCPA – LVNV, RESURGENT, CREDIT CONTROL – OLIVER & CORINA

111. The above paragraphs are re alleged as fully set forth herein

111. The FDCPA defendants **LVNV, RESURGENT, CREDIT CONTROL** willfully failed to inquiry about the representations made to plaintiff in their attempts to collect and intentionally caused mental/physical distress by continuing communication after a refusal to pay.

112. The defendants intended on and or recklessly disregarded the near certainty that distress will result from their conduct. The defendants are obligated to abide by Federal FDCPA law and STILL disregarded the distress that will result in from their conduct. The acts by the defendants are so far out of the realm of reasonable it could only be considered an intentional act to inflict distress on Plaintiffs because the account was legally discharged.

113. Plaintiffs indeed suffered severe physical and emotional distress as alleged throughout the complaint. Plaintiff also suffered marital distress by proximity. Plaintiffs have pre-existing conditions making the stress severe.

PAGE **65** OF **72**

114. Therefore, both Plaintiffs are damaged as alleged throughout and demands judgment for damages against defendants **LVNV, RESURGENT, CREDIT CONTROL** for actual, punitive, special, consequential, compensatory, damages in an amount determined at trial, or by the court.

## INVASION OF PRIVACY- FALSE LIGHT- INTRUSION UPON SECLUSION- USB, LVNV, RESURGENT, CREDIT CONTROL

115. The above paragraphs are re alleged as fully set forth herein

116. The FCRA defendant willfully reported fictitious, logically inconsistent, and materially misleading information on Plaintiffs consumer reports. The information reported could not be considered reasonable by any rational man or woman. The information reported is clearly based on arbitrary records created by USB.

117. The FCRA defendant should have deleted the conflicting information that could not be verified as required by the FCRA and deleted and or reported settled per the accord. Instead, the FCRA defendant decided to continue reporting conflicting information without regard to how it will affect the Plaintiff.

118. The publication are a major misrepresentation of the Plaintiff's character, history, and other credit factors because the account was settled by the accord.

119. As for the debt collectors, they had no rights to communicate with the plaintiffs because the debt was settled and because the plaintiffs notified them with a refusal to pay.

120. Therefore, both Plaintiffs are damaged as alleged throughout and demands judgment for damages against defendant **USB, LVNV, RESURGENT, CREDIT CONTROL** for actual, punitive, special, consequential, compensatory, damages in an amount determined at trial, or by the court.

PAGE **66** OF **72**

**NEGLIGENCE :RESPONDEAT SUPERIOR – USB, LVNV, RESURGENT, CREDIT CONTROL**

121. The above paragraphs are re alleged as fully set forth herein

122. USB, LVNV, RESURGENT, CREDIT CONTROL allowed their employees acting within the scope and course of employment to negligently and intentionally prepare, report, and communicate false, fictitious, misleading, and logically inconsistent information.

123. The defendants negligently, wantonly, and intentionally hired, trained, retained, or supervised incompetent agents, who were allowed, or encouraged to violate the law as was done to Plaintiffs. The defendants are therefore responsible and liable to Plaintiffs for the wrongs committed against him, and the substantial damages suffered by Plaintiff as alleged throughout. The defendants intentionally allowed their agents to act negligently in the furtherance of their business and to deceive Plaintiff.

124. Therefore, both Plaintiffs are damaged as alleged throughout and demands judgment for damages against defendants for actual, punitive, special, consequential, compensatory, damages in an amount determined at trial, or by the court.

**ARIZONA CONSUMER FRAUD USB, LVNV, RESURGENT, CREDIT CONTROL**

125. The above paragraphs are re alleged as fully set forth herein

126. Because an accord and satisfaction was executed the previous purported contract of USB was extinguished because an accord and satisfaction operates under contract law.

127. Because reporting to CRA's is construed as collection activity USB was falsely and intentionally advertising to the Plaintiffs to enter an alleged obligation within the meaning of the ACFA statute by and through the CRA reporting and debt collectors.

PAGE **67** OF **72**

128. The ACFA construes money as merchandise and the continued collection attempts were to induce contracting in furtherance of an extinguished obligation.

129. Plaintiffs relied on USB, LVNV, RESURGENT, CREDIT CONTROL to act according to the accord and cease its collection activities. The plaintiffs executed an accord with each entity and they continued communication after they cashed the accord with clear and unambiguous terms.

130. Plaintiffs are severely damaged from USB misleading and oppressive conduct as alleged throughout this complaint.

131. LVNV and its agents continued advertising on behalf of USB with each debt collection communication.

132. Therefore, Plaintiffs are damaged as alleged throughout and demands judgment for damages against defendants USB, LVNV, RESURGENT, CREDIT CONTROL for actual, punitive, special, consequential, compensatory, damages in an amount determined at trial, or by the court.

**AZ STATE CIVIL RICO – USB, LVNV, RESURGENT, CREDIT CONTROL**

133. The above paragraphs are re-alleged

134. USB had a duty under, Contract (accord and satisfaction), ACFA, and ARS 13-2310 to not mislead, misrepresent, omit, or otherwise violate the respective statutes and rob consumers of honest services.

135. USB is a part of an enterprise and association in fact working to collect fabricated debt along with the other defendants by way of asserting false claims. Further, USB committed predicated acts within the meaning of the AZ RICO statutes.

136. USB and the other defendants engaged in a pattern of unlawful activities such as a scheme to defraud and mail/wire fraud, which consisted of the allegations above (seeking payment on

PAGE **68** OF **72**

discharged debt, hiring multiple agents to collect), for the purpose of financial gain as alleged throughout the complaint.

137. These unlawful predicate acts are under A.R.S. § 13-2301(D)(4) Section 13-2301 – Definitions **(D.) (4.)  "Racketeering" means any act, including any preparatory or completed offense, that is chargeable or indictable under the laws of the state or country in which the act occurred. (b) Any of the following acts if committed for financial gain: (iv) Forgery. (xv) Asserting false claims, including false claims asserted through fraud or arson. (xx) A scheme or artifice to defraud. (xxvi) Money laundering.**

138. The PLAINTIFFS are physically damaged by the defendants as alleged throughout and would not have been damaged if they did not act as alleged throughout. The defendants are therefore responsible and liable to PLAINTIFFS for the wrongs committed and the substantial damages suffered as alleged throughout.

139. Therefore, the PLAINTIFFS are damaged as alleged throughout and demands judgment for damages against USB, LVNV, RESURGENT, CREDIT CONTROL for actual, punitive, consequential, treble, special, compensatory, pecuniary and or non-pecuniary damages in an amount determined at trial, or by the court.

**NEGLIGENCE PER SE – FDCPA - LVNV, RESURGENT, CREDIT CONTROL**

140. above re alleged

141. LVNV, RESURGENT, CREDIT CONTROL violated a statute created for the public (FDCPA) which is a negligence per se.

142. LVNV, RESURGENT, CREDIT CONTROL did this in furtherance of their business as abusive debt collectors who disregard consumer protection laws.

PAGE **69** OF **72**

143. The negligence was reasonably foreseeable. The defendants failed at communicating that information (FDCPA). It was relied upon to chart a course of action as a least sophisticated consumer and was justified in relying on matesrial representations. The representations caused confusion, despair, and willfully humiliated as alleged throughout.

144. Therefore, both Plaintiffs are damaged as alleged throughout and demands judgment for damages against LVNV, RESURGENT, CREDIT CONTROL for actual, punitive, special, consequential, compensatory, damages in an amount determined at trial, or by the court.

### PRAYER FOR RELIEF – USB ACCOUNT

The above re-alleged. Relief for all the damages alleged herein and any other relief the court deems proper and costs.

USB - minimum $300,000 for compensation

LVNV - minimum $200,000 for compensation

CREDIT COLLECTION - minimum $45,000 for compensation

Punitive Damages

PAGE **70** OF **72**

**Verification**

All the facts herein are true, correct, complete and admissible as evidence, and the claimant will testify as a to their veracity. All stated herein is true and affirm under oath and penalty of perjury all herein.

**DATED THIS**

2/20/2025.
(DATE OF SIGNATURE)

BY: /s/ Oliver Compot /s/ Corina Tolamaa
(Signatures)

PAGE **71** OF **72**

I certify that a copy of this document will be provided by

    [ ]    hand-delivery

    [X]    first-class mail to defendants   on _2/20/2025_____ to the above-

named defendant and any other parties to the lawsuit

[ ]  electronic (email) means on _____ to the above-named defendant attorney and any

    other parties to the lawsuit.

_2-20-2025_____               BY:____/s/ Oliver Complot /s/ Corina Tolamaa_____

Date                                Signature -