**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Oliver Complot,<br>Plaintiff,<br>v.<br>US Bank NA, et al.,<br>Defendants. | No. CV-25-00255-PHX-SMB<br>**ORDER** |

The Court now considers Defendant Credit Control, LLC's Motion to Enforce Settlement and Release Agreement. (Doc. 76.) This motion has been fully briefed. For the reasons noted below, the Court **denies** this motion.

## I. BACKGROUND

The only remaining claim against Defendant Credit Control is Count II of the Second Amended Complaint, the alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C.A. § 1692c(c)-Ceasing Communication. (Doc. 65.) This claim is based on Plaintiff's underlying U.S. Bank debt. (Doc. 59 at 8, ¶ 64). Defendant filed this motion seeking complete dismissal from this case. (Doc. 76.) Former Defendant Citibank, N.A. filed a Notice of Settlement on April 16, 2025. (Doc. 40.) According to its motion, on April 30, 2025, Defendant Credit Control agreed to join former Defendants Citibank and Moore Law Group, P.C. in settling the dispute with Plaintiffs. (Doc. 76 at 2.) Defendant was not included in Citibank's Notice of Settlement and "assumed" that this would be corrected in a later stipulation. *Id*. The parties disagree about whether the April 2025

settlement agreement covered only the underlying Citibank debt or if it also included Plaintiff's debt with U.S. Bank. (Doc. 77, Exhibit C.) The Court will consider their respective claims.

## II. LEGAL STANDARD

District courts have the inherent authority to summarily enforce settlement agreements. *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957–58 (9th Cir. 1994). Settlement agreements are contracts. *Knudsen v. C.I.R.*, 793 F.3d 1030, 1035 (9th Cir. 2015). An evidentiary hearing is necessary only where there is a dispute about a material fact. *In re City Equities*, 22 F.3d at 958.

The interpretation of a contract is a question of law for the court. *Hadley v. Southwest Prop., Inc.*, 570 P.2d 190, 193 (Ariz. 1977). "Where the language of a contract is clear and unambiguous, it must be given effect as written." *Id*. However, "the mere fact that parties disagree as to its meaning does not establish an ambiguity. The controlling rule of contract interpretation requires that the ordinary meaning of language be given to words when circumstances do not show a different meaning is applicable." *Chandler Med. Bldg. Partners v. Chandler Dental Grp.*, 855 P.2d 787, 791 (Ariz. App. 1993) (citation modified).

## III. DISCUSSION

### A. The Language of the Settlement Agreement

The "Account" identified in the settlement agreement is a Citibank credit card account ending in 0407 issued to Plaintiff Tolamaa. (Doc. 77, Exhibit A at 1, ¶ 2.) The agreement indicates that Plaintiffs filed a lawsuit in federal district court against Defendant Citibank and others. This is described as the "Litigation." (*Id.*) Defendant Credit Control is one of two "Collection Firms" involved in the Citibank debt. (*Id.*) The following is the specific language of Section 5. <u>Release of Claims:</u>

> Plaintiffs release and discharge the Bank and the Collection Firms, and all of their respective current and former predecessors, successors, parents, affiliates, assignees, subsidiaries, and all of the aforementioned's [sic] respective agents, employees, officers, directors, members, managers, owners, shareholders, attorneys, contractors, collection agencies, servicers, insurers, sureties, credit reporting agencies

> and vendors (all of the foregoing being referred to collectively herein as the "Releasees") from all claims and causes of action of any kind (including without limitation any claims for damages, costs, interest, expenses, fees and/or attorney's fees) that Plaintiffs may have related to the Account, any collection efforts on the Account, the Collection Action, any communications to Plaintiffs by the Bank or the Collection Firms (including without limitation letters, emails, texts and/or phone calls), any reporting of the Account to the credit bureaus, any other account issued to Plaintiffs or where either Plaintiff is an authorized user, any Form 1099 or tax consequences relating to the Payment or the Agreement, or any other matters between Plaintiffs and Releasees, including without limitation, all claims that were asserted or could have been asserted in the Litigation or Collection Action as of the date of this Agreement. Plaintiffs further agree that Plaintiffs will not file any claims, complaints, subpoenas, affidavits, arbitrations and/or proceedings with any court, arbitration forum, regulatory or administrative agency (collectively, "Proceedings") with respect to the matters released in this Agreement against any of the Releasees, and any such Proceedings filed prior to the execution of this Agreement is intended to resolve forever the entire disagreement between Plaintiffs and Releasees, all of which are intended as beneficiaries of this release and entitled to enforce it.
>
> It is the express intent of Plaintiffs that this Agreement release all claims of any kind or nature, whether known or unknown, that they may have against the Releasees, regardless of whether such claims arise pursuant to contract, tort, statute, regulation, or common law.

(Doc. 77, Exhibit 1 at 3, ¶ 5.)

**B. The Language Of The Agreement Is Not Ambiguous.**

Defendant argues that the broad language of "all claims that were asserted or could have been asserted" in addition to the "express intent" to "release all claims of any kind or nature…that they may have against the Releasees" means that the entire case should have been dismissed as to Defendant Credit Control. (Doc. 76 at 3.) The agreement expressly states that it is intended to resolve the entire disagreement between Plaintiffs and the Releasees and to "release all claims of any kind or nature" that they have against the

Releasees. This expansive language appears to support Defendant's claim.

Yet the references to "the Account" throughout the agreement support Plaintiff's contention that this agreement concerned only the Citibank debt and collection efforts taken on that debt alone. The "Litigation" is defined in relation to the Account in question. (Doc. 77, Exhibit 1 at 1, ¶ 2.) ("in connection with the Account.") "Agreements must be read as a whole to bring harmony, if possible, between all parts of the writing, with specific provisions qualifying the meaning of general ones." *Robertson v. Petz*, 574 P.3d 232, 237, ¶ 10 (Ariz. App. 2025) (citation modified). Here the specific provisions speak directly to the Account in question while the broader more general provisions do not.

Viewing the agreement in its totality, it is clear to the Court that the repeated references to the Account in question identifies this settlement as one intended for the Citibank debt alone. There is no reference in the agreement whatsoever to any U.S. Bank debt or any collection claims derived from that particular debt. Despite the occasional expansive language noted above, the plain meaning of the agreement is to resolve the Citibank debt and claims based on that debt. "Language in a contract is ambiguous only when it can reasonably be construed to have more than one meaning." *In re Estate of Lamparella*, 109 P.3d 959, 963, ¶ 21 (Ariz. App. 2005) (citation modified). The only reasonable interpretation of this agreement is that it resolves the Citibank debt and related claims only.

Because the Court finds the language of the agreement unambiguous, there is no need for an evidentiary hearing.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** denying Defendant's motion.

Dated this 22nd day of September, 2026.

Honorable Susan M. Brnovich
United States District Judge