**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Oliver Complot,

Plaintiff,

v.

US Bank NA, et al.,

Defendants.

No. CV-25-00255-PHX-SMB

**ORDER**

Plaintiff filed a Motion for Limited Rule 54(B) Revision and Leave to File Narrow Third Amended Complaint (Doc. 68.) This motion has been fully briefed. For the reasons noted below, the Court **denies** this motion.

## I. BACKGROUND

Plaintiff filed the original Complaint in January, 2025. (Doc. 1.) Plaintiff's First Amended Complaint (FAC) was filed in February, 2025. (Doc. 8.) Plaintiff then filed a motion for leave to file a Second Amended Complaint (SAC) in July, 2025 (Doc. 47) which the Court denied. (Doc. 49.) Plaintiff filed a second motion for leave to file a SAC in August, 2025. (Doc. 51.)

On September 26, 2025, the Court granted Defendants Credit Control's, Defendant U.S. Bank's and Defendant LVNV's motions to dismiss and granted the Plaintiffs' motion for leave to file a SAC in part as to the Fair Debt Collection Practices Act (FDCPA) claims against Credit Control and LVNV only. (Doc. 57.) The Court dismissed Plaintiff's Fair Credit Reporting Act (FCRA) claims against US Bank "because he cannot cure the above

deficiencies by alleging new facts." The Court determined that Plaintiff's claim of accord and satisfaction was not a well-pleaded factual allegation. (Doc. 57 at 11.) "Plaintiff has not asserted any facts demonstrating an agreement with U.S. Bank where something of value was exchanged in resolution of their debt and a subsequent execution of that agreement. Moreover, in seeming concession that he did not enter an accord and satisfaction with U.S. Bank, Plaintiff also states that he entered an accord and satisfaction with LVNV who was collecting on the U.S. Bank debt." (*Id.*) In that same order, Plaintiff's negligence claim was also dismissed with prejudice. (*Id*. at 19.) The Court specifically *did not grant* Plaintiff leave to amend his FCRA claims against U.S. Bank. The Court also *did not grant* Plaintiff leave to amend state claims against U.S. Bank, Credit Control and LVNV. (*Id*. at 22.) The Court gave Plaintiff the opportunity to draft a new SAC in accordance with its order. (*Id*. at 22-23.)

On September 29, 2025, Plaintiff filed a motion for reconsideration of the September 26, 2025 order. (Doc. 58.) The new SAC was filed on October 27, 2025. (Doc. 59.) In November 2025, Defendants LVNV and Credit Control filed motions to dismiss again for failure to state a claim. (Doc. 60, 62.) In response to these motions, the Court denied the motion for reconsideration and granted in part and denied in part the Defendants' motions in an order issued on June 24, 2026. (Doc. 65.)

Plaintiff argued in this first motion for reconsideration that the Court erred in dismissing the FCRA claims against U.S. Bank and in finding that his accord and satisfaction argument was insufficient. Plaintiff cited quotes from the FAC that did not exist. The Court expressed its concern that this was the result of generative AI. (Doc 65 at 4.) In the June 24, 2026 order, the Court further noted that it only granted Plaintiff leave to amend the FDCPA claims against Credit Control and LVNV. The SAC included other claims (negligence per se, FCRA, breach of contract) that were summarily stricken. (Doc. 65 at 5.)

The Court then considered the accord and satisfaction claim in detail based on the allegations in the SAC and found the allegations lacking. (Doc. 65 at 9-10) ("This is

Plaintiffs second attempt to amend their Complaint, and yet they have failed to cure these deficiencies despite the Court's prior Order clearly noting that their FAC does not allege any facts in support of their accord and satisfaction defense.") The Court then dismissed the counts in the SAC that corresponded to the accord and satisfaction theory and specifically did so *without leave to amend*. (Doc 65 at 10) (emphasis in original.)

The Court notes that it filed this order on June 24, 2026. Plaintiff's current motion for limited Rule 54(b) revision was filed only 7 days later on July 1, 2026. Now Plaintiff seeks leave to file omitted facts in this proposed Third Amended Complaint (TAC). He also seeks to clarify his case citations and avows he will not use AI-generated language in the future. He seeks also to reintroduce the FDCPA claims previously dismissed due to insufficient pleading against both U.S. Bank (who has already been dismissed as a party) and against Defendants LVNV and Credit Control. Plaintiff seeks to revive his FCRA claim against U.S. Bank, his FDCPA/accord claim against U.S. Bank, his FCRA claim against LVNV Funding, his negligence per se claims, and his breach of settlement contract claims against LVNV and Credit Control.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 54 states that when "an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." This rule is designed to deal with "the problem of piecemeal appeals." Fed. R. Civ. P. 54, Note, 1946 Amendment.

"Rule 54(b) permits district courts to authorize immediate appeal of dispositive rulings on separate claims in a civil action raising multiple claims . . . [it] relaxes the former general practice that, in multiple claims actions, *all* the claims had to be finally decided before an appeal could be entertained from a final decision upon any of them." *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 409 (2015) (emphasis in original). There is nothing in this rule that provides a basis for a motion to amend pleadings or to ask for reconsideration of any

prior decisions. Therefore, the Court will consider this motion as a second motion for reconsideration.

Motions for reconsideration under Local Rule 7.2(g) require a party to "point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons why they were not presented earlier, and any specific modifications being sought in the Court's Order." While courts have "discretion to reconsider and vacate a prior order," *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003), such "[m]otions for reconsideration are disfavored," *id.*, and "are appropriate only in rare circumstances." *333 W. Thomas Med. Bldg. Enters. v. Soetantyo*, 976 F. Supp. 1298, 1302 (D. Ariz. 1995). Accordingly, "[a] motion for reconsideration should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly." *Id.* (citation modified). Instead, these motions are only appropriate where the Court: "(1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust"; (3) is presented with "an intervening change in controlling law"; or (4) is otherwise presented with "other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## III. DISCUSSION

As noted above, Plaintiff has filed a Complaint, a First Amended Complaint, two Second Amended Complaints and now a Third Amended Complaint. (Doc. 1, Doc. 8, Doc. 52, Doc. 59, Doc. 69.) The Court is cognizant that Plaintiff is pro se, and that his pleadings should be construed liberally, however, the Court is "under no obligation to become an 'advocate' for or to assist and guide" Plaintiff. *Weathington v. Hunter*, 316 Fed. Appx. 603, 604 (9th Cir. 2009). Plaintiff has had three opportunities to amend his complaint and still has not been able to sufficiently plead his accord and satisfaction theory to the satisfaction of the Court. Unless he meets the strict criteria for a motion for reconsideration, it borders on the vexatious to allow Plaintiff to continue to amend his

pleadings. The Court turns now to the requirements for a motion for reconsideration.

The only "newly discovered evidence" alleged here is information that Plaintiff thought he had included in a prior iteration of his complaint but did not. (Doc. 68 at 2-3.) This additional information is based on what Plaintiff did in January 2024. (Doc. 68 at 6.) This is not new information; it is information that could have been submitted to the Court in any one of his prior pleadings. Plaintiff claims that the addition of this information will meet the requirements to properly plead accord and satisfaction. He does not claim that the Court committed a manifest error. He does not claim that there is new, intervening law the Court should consider. He simply asks the Court to "rethink what the court had already thought through." *333 W. Thomas Med. Bldg. Enters.*, 976 F. Supp. at 1302. This is insufficient to support another motion for reconsideration.

Moreover, any amendment made based on the allegations in the TAC would still be insufficient to prove accord and satisfaction. Plaintiff claims that he tendered a partial payment to U.S. Bank and that the bank accepted this partial payment. (Doc. 69 at 4-5, ¶¶ 13-21.) Yet Plaintiff also alleges that the bank rejected his position "that the dispute required U.S. Bank to stop ordinary account treatment." (Doc. 69 at 6, ¶ 22.) Therefore, there was no assent or meeting of the minds, and thus no accord and satisfaction. *Hill-Shafer P'ship v. Chilson Family Trust*, 799 P.2d 810, 814 (Ariz. 1990). All of the claims in the TAC, with the exception of count 2 (FDCPA violation against Defendants Credit Control and LVNV for not ceasing communication), rely on Plaintiff's accord and satisfaction theory. Therefore, all of those claims remain insufficient. There is no basis for reconsideration here.

…

…

…

…

…

…

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** denying Plaintiff's Motion for Limited Rule 54(B) Revision and Leave to File Narrow Third Amended Complaint. (Doc. 68).

Dated this 1st day of October, 2026.

Honorable Susan M. Brnovich
United States District Judge